53 323
55a 210
58a 372

# Toledo, Peoria & Warsaw Railway Company

## *v.*

## Jacob J. Butler.

1. Notice—*of amendment of officer's return.* Leave will be granted to an officer to amend his return, as a matter of course, and notice to the opposite party of the intended application for such leave is not necessary.

2. Error—*obviated by amendment in the court below.* Where judgment is entered by default, and it is assigned for error that the sheriff's return was insufficient, such error may be obviated by amendment in the court below.

3. Costs—*where error is removed by amendment in the court below.* Where the record in the circuit court, after a writ of error is sued out, is so amended as to remove the error of which complaint has been made, a motion by the plaintiff in error for judgment for costs comes too late after the amended record is filed. Such motion should be interposed or terms should be insisted upon by the plaintiff in error when the application is made to file the amended record, when it is discretionary with the court to require the payment of costs as a condition to the filing of the same.

WRIT OF ERROR to the Circuit Court of Hancock county , the Hon. JOSEPH SIBLEY, Judge, presiding.

The opinion sufficiently states the case.

Messrs. MARSH & MARSH, for the plaintiffs in error.

Mr. D. MACK, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court :

It appears that the return of service by the sheriff as at first made was insufficient.    But judgment by default was rendered at the return term, for the want of a plea.    To reverse this judgment this writ of error was prosecuted, and defendant in error, subsequently, on a motion and leave granted, had the sheriff to amend his return.    It is now urged that defendant, having failed to give notice to plaintiffs in error of the intended application for leave to amend, the error is not removed.    It was held in the cases of *Moore* v. *Purple*, 3 Gilm. 149 ; *Morris* v. *School Trustees*, 15 Ill. 266, and *Hawes* v. *Hawes*, 33 Ill. 287, that amendments by sheriffs to their returns to process, are of course ; that no resistance could be made to the application to amend. If the sheriff should make a false return, he is responsible for the consequences.    It was also held that notice of the application to the opposite party was not necessary.    These cases are conclusive of this question.

It is likewise insisted that costs should be awarded against defendant in error, as the amendment was made and the error obviated after the writ was sued out of this court.    In the case of *Ellis* v. *Ewbanks*, 3 Scam. 584, a writ of error was sued out of this court and a supersedeas was granted, but the record was afterwards amended in the circuit court so as to remove the error of which complaint had been made.    A new transcript was certified to this court, and plaintiff in error moved for a judgment for costs, but the motion was refused.    That case

affords a precedent which requires us in like manner to refuse costs to the plaintiffs in this case.

Had plaintiffs in error insisted upon terms when the application was made for leave to file the amended record in this case, then it may be that the court would have required payment of costs as a condition to filing the amended record. It would, at that stage of the case, have been discretionary with the court. But having interposed no motion for costs, or asked terms when the amended record was filed, plaintiffs in error must be considered as having waived all objection, and their motion now comes too late. The judgment of the court below must be affirmed.

*Judgment affirmed.*