## ADELE WILLIAMS *et al.*

*v.*

## JAMES T. SOUTTER.

1. BILL TO FORECLOSE—*of its sufficiency in respect to the execution of the mortgage by a married woman.* In a bill in chancery to foreclose a mortgage claimed to have been executed by husband and wife, upon land, the fee of which was in the latter, the mortgage may be stated according to its legal effect, without stating in detail the various matters which are necessary to the transfer of a married woman's title.

2. So where it was alleged in the bill that the husband and wife made and executed to the complainant their certain deed or indenture of mortgage, bearing date, etc. whereby they conveyed to the complainant the premises described, to hold unto the complainant, his heirs and assigns, in fee simple forever, subject to a right of redemption by the husband paying the debt thereby secured, and that, by said deed or indenture of mortgage so made by the said mortgagors, the title to said premises in fee simple was conveyed to the complainant, subject to the defeasance therein, it was *held*, the bill was sufficient in substance to sustain a default and decree of foreclosure, as against the wife, although· it did not aver those facts in regard to the acknowledgment of the deed by her, and the certificate of the officer, which are necessary to the validity of a conveyance by a married woman.

3. And *quære*, whether the simple averment that the husband and wife executed a mortgage to the complainant, would not, after default and decree, have been sufficient.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. GEORGE MANIERRE, Judge, presiding.

The opinion states the case.

Mr. S. A. IRVIN, for the plaintiffs in error, contended the allegations in the bill were not sufficient to authorize the decree, citing *Martin* v. *Hargardine*, 46 Ill. 323; Steph. Plead. 375; Anon. 2 Salk. 519; *Duppa* v. *Mayo*, 1 Wm. Saund. R. 276 *a*, note 2; *Stewart* v. *Hogg*, 1 Wm. Saund. 228 *a*, note; *Vandeput* v. *Lord*, 1 Stra. 78; 1 Chitty's Plead. 367; *Vigers* v. *The Dean and Chap. of St. Paul*, 14 Q. B. 909; Gould's Plead. p. 193, chap. 4, sec. 47 *et seq.*; Comyn's Dig. Plead. E. 26; 3 Lev. 292; Com. Dig. Plead. C. 37, p. 336.

Messrs. GOUDY & CHANDLER, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill to foreclose a mortgage, brought by Soutter against Stephen A. Douglas and Adele, his wife. The bill was taken *pro confesso*, and a decree was pronounced, under which the mortgaged premises were sold and conveyed to Soutter. Douglas subsequently died, and his widow having married Robert Williams, they now bring this writ of error. The mortgaged premises belonged in fee to Mrs. Douglas.

The ground upon which counsel rely for reversing the decree is, that the bill fails to aver those facts in regard to the acknowledgment of the deed by Mrs. Douglas, and the certificate of the officer, which are necessary to the validity of a conveyance by a married woman.

The allegations of the bill are, that " the said Stephen A. Douglas and Adele, his wife, made and executed to your orator their certain deed or indenture of mortgage, bearing date on the day and year aforesaid, whereby they conveyed unto your orator the premises above particularly described, to hold unto your orator, his heirs and assigns, in fee simple forever, subject, nevertheless, to a proviso for the redemption of said premises on payment by the said Stephen A. Douglas of the said sum of $11,000, with interest thereon," etc.

The bill also charges, " that by said deed or indenture of mortgage, so made by the said Stephen A. Douglas and Adele Douglas, the title to said premises in fee simple was conveyed to your orator, subject to the condition or defeasance in said indenture of mortgage contained."

Whatever might be our opinion if this question were raised on a special demurrer in an action at law, we are very clearly of opinion that the objection to the sufficiency of these allegations is not one on which it would be proper to reverse this decree. The question for us to consider is, whether there are sufficient facts averred in the bill to justify and sustain the decree, the default of the defendants requiring us to treat the complainant's allegations as true. In deciding this question, we must regard substance and not form, and objections of a purely technical character are not entitled to favor. Now what is the substance of the allegations above quoted from the bill? Not merely that Douglas and his wife executed a mortgage to the complainant, though we by no means admit that, after default and decree, such an averment would not have been sufficient. The bill further alleges that, by this mortgage, they conveyed unto the complainant the mortgaged premises, in fee simple, subject to a certain proviso; and again, that by said deed the title to the premises in fee simple was conveyed to the complainant. The conveyance or passage of the title to the mortgagee was a fact to be alleged in the bill, and we find it fully alleged, and it is admitted. The instrument by which

the title passed was, or would have been, if the bill had been controverted, a piece of evidence to be produced upon the hearing. It is the office of a pleading to allege facts and not evidence, and written instruments may be stated according to their legal effect. In this case, the complainant, instead of stating in detail the various matters which are necessary to the transfer of a married woman's title, states that she executed a deed in such a manner that her title was, as a matter of fact, transferred or conveyed. What further statement can be required, when we are looking at the bill for the purpose of determining whether its substance is sufficient to sustain the decree? The matters which it is claimed should have been set forth in the bill are, in legal effect, comprised in the allegations which the bill contains. If they had all been alleged, it would have been for the purpose of showing that, as a legal result of these facts, the title passed to the mortgagee. Instead of thus stating his case, the complainant alleges the deed was so made that its legal effect was to pass the title, and that the title did pass. In our opinion, the decree is fully sustained by the allegations of the bill, and must be affirmed.

*Decree affirmed.*