## WILLIAM H. RICHARDSON *et al.*

*v.*

## LUCIUS. MILLS *et al.*

CLERICAL ERROR—*in decree—no ground for reversal.* Where a decree of foreclosure of a mortgage found that the note and mortgage were dated June 20, 1868, instead of 1867, their true date, and it appeared from the proofs and the record that such recital was clearly a clerical error: *Held,* that the error being one which worked no injury, and one that might be corrected in the court below on motion, it afforded no sufficient ground for reversing the decree.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. O. T. REEVES, and Mr. C. R. DICKINSON, for the appellants.

Messrs. STRAIGHT & STRAIGHT, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding in the McLean circuit court to foreclose a mortgage by bill in equity. The mortgage and note were executed by appellant to appellee, both bearing date on the same day—the 20th of June, 1867. A decree passed on the 30th of September, 1870, at the September term, which finds that the note and mortgage were dated on the same day. By a clerical error, the date of the note is stated in the record to be the 20th of June, 1868. This was certainly a clerical error, for the finding of the court and the proof is, the note bore date June 20, 1867, and the mortgage also.

On appellants' showing, assuming it was not a' clerical error, the amount of the decree is too large ; but, taking the fact as it appears in the record, it is not. Appellant computes the interest on the note on the hypothesis that it bore date June 20, 1868, but computing it according to the fact,

the amount of the decree, even with the insurance money of ten dollars and fifty cents included, is not as much as the complainant had a right to recover.

This clerical error is corrected by the record itself, and if important, could have been corrected on motion to the court in which it was made. For such an error—one which has worked no injury to appellant, and which can work none— this court will not reverse a decree. *Russell* v. *Brown et al.* 41 Ill. 183.

In this particular case there would be great hardship and injury to appellee on a reversal, inasmuch as, to protect himself, he was compelled to satisfy a prior mortgage in order to obtain the fruits of his recovery.

We see no equity in appellants' claim, and affirm the decree of the circuit court.

*Decree affirmed.*