236        TERRY *et al. v.* EUREKA COLLEGE.        [Sept. T.

Statement of the case.

NANCY TERRY *et al.*

*v.*

THE TRUSTEES OF EUREKA COLLEGE.

1. FORECLOSURE—*when whole debt becomes due for non-payment of interest.* If a mortgage or deed of trust provides that the whole debt shall become due and payable on default in the payment of the interest on the notes secured, the same may be foreclosed as to the whole debt upon default in paying interest.

2. CONVEYANCE—*of married woman may be proved.* Since the act of 1869, the deed of a married woman is valid and binding upon her, though not acknowledged as required by the act of 1845, and if the certificate of acknowledgment is defective, it may be proved, as in the case of a *feme sole.*

3. SAME—*execution by married woman may be admitted.* Where a bill to foreclose a deed of trust, executed by a husband and wife since the act of 1869, charges that the defendants made, executed and delivered the same, the default of the defendants is an admission of that fact, and will dispense with the necessity of proving the execution of the deed as to the wife.

4. AMENDMENT—*return of service.* If a sheriff's return of service is defective in not stating the precise mode of service of a summons, it may be corrected even after error brought.

5. CHANCERY PRACTICE—*leave to answer after default.* It is not error to refuse to allow a defendant to answer a bill in chancery after default, who, in his application, fails to show he has any defense.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

This was a bill in chancery, by the trustees of Eureka College, against Nancy Terry and N. B. Terry, her husband, to foreclose a deed of trust. The opinion states the necessary facts.

Messrs. CLARK & KETTELLE, for the plaintiffs in error.

Messrs. BANGS & SHAW, and Messrs. BRIGGS & MEEK, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Woodford circuit court, to foreclose a trust deed, as it is called. The sheriff returned the summons duly served upon the defendants, and the bill taken for confessed against them, and the matters thereof decreed to complainants.

A sale of the premises was made by the master on the terms of the decree. On the coming in of his report, various objections were made to it by the defendants, which were disallowed by the court, and his report approved, and confirmed, to all which defendants excepted, and bring the record here by writ of error. They make the point that the bill of complaint was prematurely filed, the notes not being due.

There is no ground for this objection. By the terms of the deed, the whole amount became due and payable on default in the payment of the interest on the notes. Another point is, that the deed was not admissible in evidence, for the reason it was not acknowledged by the grantors, one of whom, and the owner of the property, being a married woman.

There is no force in this objection. The bill alleges the defendants made, executed, and acknowledged and delivered the deed to complainants, and the default of defendants admits the fact, and concludes them. *Williams et al* v. *Soutter*, 55 Ill. 130.

Since the act of 1869, the deed of a married woman is valid and binding upon her, though not acknowledged as required by the act of 1845. The deed in question was executed on the 19th of August, 1870. Under the act of 1869, the execution of the deed by the wife could be proved as in the case of a *feme sole*. Sess. Laws 1869, p. 359. As, by the default, she admitted the execution of the deed, as charged in the bill of complaint, proof of its execution was unnecessary. The

238    CHICAGO & PAC. R. R. CO. *v.* FRANCIS.    [Sept. T.

Opinion of the Court.

sheriff's return, if defective, or not according to the precise fact, as to the mode of service, could be corrected, even after writ of error brought. *Hawes* v. *Hawes,* 33 Ill. 287; *Toledo, Peoria and Warsaw Railway Company* v. *Butler,* 53 Ill. 323.

There was no error in refusing *t*he wife leave to answer, as she does not, in her application, intimate she has any defense.

We fail to see one particle of merit in any of the positions assumed by plaintiffs in error.

The decree is affirmed.

*Decree affirmed.*