ELIZABETH BUTE

*v.*

WILLIAM KNEALE *et al.*

*Filed at Springfield March 26, 1884.*

1. DOWER—*as to the release thereof—of the mode—prior to the act of 1869.* Before the passage of the act of 1869, a married woman could not dispose of or bar her right to any interest she might have in land, including the right of dower, whether inchoate or otherwise, by merely joining with her husband in a deed, unless the deed was duly acknowledged by her before a proper officer, as shown by the officer's certificate, in the form prescribed by the statute.

2. SAME—*since the act of 1869.* Under the act of 1869 relating to conveyances by married women, a married woman above the age of eighteen years, by joining in a deed with her husband, would be concluded as to any interest she might have in the land conveyed, including that of dower, without any acknowledgment of the deed on her part.

3. SAME—*section 17 of the Conveyance act construed.* Section 17 of the act of 1874, relating to conveyances, provides two distinct modes by which the right of dower may be relinquished or barred. By the first division or clause thereof a married woman is enabled to relinquish her dower in any case, whether the fee is in the husband or a third party, by the husband joining with her in the deed; by the second clause she is empowered, in all cases where she has dower or other interest in land in which the husband has no interest, by reason of the same having been divested, by legal process or otherwise, to release or convey such dower or other interest as though she were sole and unmarried, without her husband joining in the deed.

4. In a case falling within the first clause, by joining with her husband in a deed, conveyance, etc., the wife may relinquish her dower in the real estate of the husband, or in any real estate, whether the deed, conveyance, etc., is acknowledged or not; but in cases under the latter clause, her deed must be

duly acknowledged and properly certified, as required by the statute, otherwise it will be inoperative.

5. SAME—*as to effect of sections 18 and 19 of the Conveyance act.* While the language of section 18 of the Conveyance act of 1874 is broad enough to include the right of dower, whether inchoate or otherwise, it is thought it was intended to apply specially to lands or tenements belonging to the wife. Whether in such cases it is indispensable that the wife's deed should be acknowledged before some officer, where the husband does not join in the deed, may be regarded as doubtful, but no decided opinion is given on the question.

6. Section 19 is in the nature of a supplement to the two preceding sections, by which the acknowledgment or proof of the deed of a married woman relating to her dower or other interest in land, is put upon the same footing with deeds made by a *feme sole.*

7. SAME—*section 17 construed, with reference to section 16 of the Dower act.* The object of the legislature in adopting section 16 of the Dower act of 1874, was not to prescribe the mode of relinquishing dower, that having been fully done by section 17 of the Conveyance act, which was adopted for that express purpose. Therefore, if there is any apparent conflict in the two sections, the latter must control.

8. The object of section 16 of the Dower act is simply to prevent either the husband or wife from making any conveyance, or doing any act whatever, whereby the dower interest of the other might be prejudiced or defeated, without the sanction or assent of the one whose interest is to be affected, which is manifested by one joining in a conveyance with the other. In such case the joinder in the deed is all the acknowledgment the law requires to "evince" such assent.

9. SAME—*under the revision of 1874.* Under the Revised Statutes of 1874, a married woman above the age of eighteen years, having an inchoate right of dower in land belonging to her husband, may bar or extinguish such right by voluntarily joining him in a mortgage, or other conveyance of the same, sufficiently formal to pass his interest, even though there be no certificate of acknowledgment on her part attached thereto.

WRIT OF ERROR to the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding.

This was a bill in chancery, brought by Elizabeth Bute, the plaintiff in error, to the December term, 1883, of the Ford county circuit court, against William Kneale and others, the defendants in error, for the assignment of dower in certain lands particularly described in the bill. Upon the hearing, the court found the equities with the defendants, and

entered a decree dismissing the bill, to reverse which· the complainant brings this writ of error.

The facts, so far as material to a decision of the case, as appears from a stipulation in the record, are: That Elizabeth Bute, the complainant, intermarried with Monroe Bute, on the 10th of May, 1850, and lived with him until the time of his death,—December 20, 1882; that during the marriage he was seized in fee of the land in which dower is sought to be assigned; that on the 19th of June, 1878, Bute and his wife executed a mortgage on the premises, to secure an indebtedness of the former, to Reuben Frame, of $2500, which was duly recorded August 20, 1878; that the certificate of acknowledgment of the mortgage was formal in every respect, except that as to the wife it did not state she was *personally* known to the officer who took the acknowledgment; that at the time of the execution of the mortgage complainant was over eighteen years of age; that on the 11th of February, 1879, the mortgaged premises were sold and conveyed, under a power of sale contained in the mortgage, to William Gilmore, from whom Kneale, defendant in error, by *mesne* conveyances, shows a regular chain of title of record to the premises, his co-defendant being a mere tenant of his.

Mr. A. SAMPLE, for the plaintiff in error.

Messrs. TIPTON & MOFFETT, for the defendant in error Kneale.

Messrs. C. H. & C. B. WOOD, also, for the defendants in error.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The only question presented by this record necessary for a determination of the case, is, whether a married woman, under the Revised Statutes of 1874, having an inchoate right of

dower in a piece of land belonging to her husband, can bar or extinguish such right by voluntarily joining him in a mortgage, or other conveyance of the land, sufficiently formal to pass his interest, where the instrument contains no certificate of acknowledgment on her part, or where the certificate is manifestly defective, as is the case here.

Notwithstanding the able and exhaustive argument of the plaintiff's counsel in support of the opposite view, we feel constrained to answer this question in the affirmative. While this question, in the precise form now presented, has not, so far as we are advised, been heretofore decided by this court, yet there are several cases that bear upon it with more or less directness, pointing to the conclusion reached. *Terry* v. *Trustees*, 70 Ill. 236; *Hogan* v. *Hogan*, 89 id. 427; *Hamilton* v. *Hamilton*, id. 349; *Wormley* v. *Wormley*, 98 id. 544; *Edwards* v. *Schoeneman*, 104 id. 278.

It is clear that until 1869 a married woman could not dispose of or bar her right to any interest she might have in land, including the right of dower, whether inchoate or otherwise, by merely joining with her husband in a deed, unless the deed was duly acknowledged by her before a proper officer, as shown by the officer's certificate in the form required by the statute. (*Ayres* v. *McConnel*, 2 Scam. 307; *Murphy* v. *Williamson*, 85 Ill. 152; *Heinrich et al.* v. *Simpson*, 66 id. 58.) The act of 1869 made a radical change in the Conveyance law in this respect. It consists of but one section, and is as follows:

"Sec. 1. That any *feme covert*, being above the age of eighteen years, joining with her husband in the execution of any deed, mortgage, conveyance, power of attorney, or other writing of or relating to the sale, conveyance or other disposition of lands or real estate, as aforesaid, shall be bound and concluded by the same in respect to her right, title, claim, interest or *dower* in such estate, as if she were sole and of full age, as aforesaid; and the acknowledgment or

proof of such deed, mortgage, conveyance, power of attorney or other writing may be the same as if she were sole."

Under the provisions of this act it is clear that a married woman above the age of eighteen years would, by joining in a deed with her husband, be concluded as to any interest she might have in the land conveyed, including that of dower, without any acknowledgment of the deed on her part; and the question is, whether the law in this respect is changed by the amended Conveyance act of 1872, which is embodied in the revision of 1874. Sections 17, 18 and 19 of that act, as found in the revision of 1874, (pages 275, 276,) are the only ones that have any material bearing on this question, and are as follows:

"Sec. 17. A married woman may relinquish her right of dower in the real estate of her husband, or in any real estate, by joining with her husband in a deed, mortgage, conveyance, or power of attorney, release, or other writing of or relating to the sale, conveyance or other disposition thereof. In all cases where the interest of the husband in any tract or parcel of land has been divested, by process of law or otherwise, the wife may, by deed duly executed and acknowledged, release and convey to the purchaser or purchasers, his or their grantee or grantees, all her interest in such tract or parcel of land, whether in possession or expectancy, in the same manner and with the like effect as though she were sole and unmarried; and any deed by her so executed and acknowledged shall be a valid and sufficient bar, in law and equity, to any right or choice of dower or other interest which she may thereafter assert in such premises.

"Sec. 18. Any married woman, being above the age of eighteen years, joining with her husband in the execution of any deed, mortgage, conveyance, power of attorney, or other writing of or relating to the sale, conveyance or other disposition of her lands or real estate, or any interest therein, shall

be bound and concluded by the same in respect to her right, title, claim or interest in such estate, as if she were sole.

"Sec. 19. · The acknowledgment or proof of any deed, mortgage, conveyance, release of dower, power of attorney, or other writing of or relating to the sale, conveyance or other disposition of land or real estate, or any interest therein, by a married woman, may be made and certified the same as if she were a *feme sole,* and shall have the same effect."

The 17th section, as punctuated, consists of two sentences, the first ending with the word "thereof," in the fifth line, and as we understand it, these sentences constitute distinct, independent divisions of the section, as much so as if in separate sections, and respectively provide for two distinct modes by which the right of dower may be relinquished or barred. By the first division or clause of the section a married woman is enabled to relinquish her dower in any case, whether the fee is in the husband or a third party, by the husband joining with her in the deed. By the second division or clause of the section she is empowered, in all cases where she has dower or other interest in land in which the husband has no interest, by reason of the same having been divested, by legal process or otherwise, to release or convey such dower or other interest as though she were sole and unmarried, without her husband joining in the deed; but in such case her deed must be duly acknowledged and properly certified, as required by the statute, otherwise it will be inoperative. The first division of this section relates to the relinquishment of dower by a married woman, generally, and is applicable to all cases where the husband joins in the release or conveyance, while the second division is limited to cases where the husband has ceased to have any interest in the land to which the wife's dower or other interest attaches, in which case, by a properly acknowledged deed, she may convey or relinquish the same without her husband joining in the conveyance.

42—109 ILL.

While the language of the 18th section is manifestly broad enough to include the right of dower, whether inchoate or otherwise, yet we think that section was intended to apply specially to lands or tenements belonging to the wife, as the relinquishment of dower was fully provided for in the preceding section. Whether in such cases it is indispensable that the wife's deed should be acknowledged before some officer, where the husband does not join in the deed, may be regarded as doubtful, (see sec. 9, chap. 68, Rev. Stat.,) yet we decline to express any decided opinion on the question.

The 19th section is in the nature of a supplement to the other two sections, by which the acknowledgment or proof of the deed of a married woman, relating to her dower or other interest in land, is put upon the same footing with deeds made by a *feme sole.*

It is earnestly insisted, however, that this view of the matter is inconsistent with the 16th section of the Dower act, viz:

"Sec. 16. No judgment or decree confessed or recovered against a husband or wife, and no *laches*, default, coven, forfeiture or crime of either, no deed or conveyance of either, without the assent of the other, evinced by the acknowledgment thereof, as required by law, shall prejudice the right of the other to dower or jointure, or preclude the other from the recovery thereof, if otherwise entitled thereto."

It is to be observed, in the first place, the object of the legislature in adopting this section of the Dower act was manifestly not to prescribe the mode of relinquishing dower, that having been fully accomplished by the 17th section of the Conveyance act, which was adopted for that express purpose. This being the case, it is clear, even conceding there is some apparent conflict in this respect between the two sections, the latter section should control. But we see no necessary conflict in the two sections, and even the apparent repugnancy vanishes when we consider the object of the section in the Dower act, which was simply to prevent either

the husband or wife from making any conveyance, or doing any act whatever, whereby the dower interest of the other might be prejudiced or defeated without the latter's sanction,—or, in other words, it is a legislative declaration that neither party's right in this respect shall be prejudiced or defeated without his or her assent; and it will certainly be doing no violence to the language of this section to hold, as we do, that when either party having a dower interest in land joins the other in a conveyance or release thereof, such joinder in the conveyance will be, within the meaning of the section, an "assent evinced by the acknowledgment" of such party, "as required by law," for the joinder in the deed is all the acknowledgment the law requires to "evince" such assent.

The view we have taken of this branch of the case of course renders it unnecessary to notice the other questions discussed in the briefs.

The decree of the court below being in accord with what is here said, it will therefore be affirmed.

*Decree affirmed.*