Martin v. White.

## MICHAEL MARTIN

### v.

## JOHN WHITE ET AL.

*Landlord and Tenant—Rent—Recovery of—Lease—Conditions.*

1. Neither court nor jury has the right to soften the conditions of a contract or alter its terms, the same referring to a matter about which the parties thereto were privileged to contract.

2. The specific tender by a debtor, with acceptance by the creditor, of a sum less than the amount claimed by the latter to be due, constitutes an accord and satisfaction between the parties, where the claim is for an unliquidated amount, or the thing paid or given in satisfaction of a liqui-

dated amount is personal property or securities, something other than money, and not otherwise.

3.  To amount to an accord and satisfaction, where a sum less than the amount due is accepted by the creditor, he must receive some actual benefits that he would not otherwise have had.

4.  Conditions in a contract precedent to an increased or diminished liability must be exactly performed or fulfilled before the liability contingent thereon can be enforced.

5.  Proof of the happening of the event strictly as provided for in the contract, will not be dispensed with although the event has become impossible without the fault of the plaintiff in an action brought thereon.

[Opinion filed March 13, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. WINDES & SULLIVAN, for appellant.

If a tender of money be made, with a condition attached, its acceptance, even though without words of assent, is also an acceptance of the condition, and the condition is binding upon the party accepting the money thus tendered.

In Adams v. Helm, 55 Mo. 468, the court, at p. 471, says : " The tender was made on that express condition and under a protest to that effect. It was Helm's duty either to refuse it or accept it on the terms as made. She had no right to accept the tender and prescribe the terms of her acceptance. She should have refused the tender or returned the notes and deed of trust at the time, or she must be held to the terms of the tender as prescribed by the debtor."

In Jenks v. Burr, 56 Ill. 450, the court says : " It is sufficient if there exists a disputed account between the parties ; if one tenders a sum certain to the other in full satisfaction and discharge of his claim, and the other receives the sum thus tendered on the terms proposed without any special agreement to that effect, the law would imply the agreement from the acts of the parties."

In Lee v. Dodd, Mo. App. 2 West. R. 465, the court (p. 469) says: It is an elementary principle that where a tender is made upon condition, the party accepting the tender accepts also the condition.

Martin v. White.

In Donohue v. Woodbury, 6 Cush. 150, the court says: " If an offer of money is made to one upon certain terms and conditions, and the party to whom it is offered takes the money, though without words of assent, the acceptance is an assent *de facto* and he is bound by it."

In Tuttle v. Tuttle, 12 Met. 551, the court says: " In the opinion of the court the acceptance by plaintiff of principal sum due on note with the understanding that the same was in full discharge of all claim on his part upon it would constitute a good defense," etc. (to stronger effect).

In Tompkins v. Hill, 145 Mass. 379–380, the court says: " If a creditor having an unliquidated or disputed claim against his debtor, accepts a sum smaller than the amount claimed in satisfaction of the claim, he can not afterward maintain an action for the unpaid balance."

The law so explicitly laid down in these authorities is the law of the defense here insisted upon. And being the law, even if the facts upon which the defense was based were in dispute, instead of being admitted, as they are by appellees, the jury should have been so instructed, as the appellant requested in his fourth instruction, which would have told the jury " that if they believed from the evidence that Martin paid plaintiffs or either of them certain sums of money on the express condition that such payments were to be in full payment of the amounts due on the lease at the dates of such payment, and that plaintiffs, or either of them, accepted such sums after the express declaration by defendant that he paid them only on condition that they were to be in full satisfaction of all claims up to the respective dates of such payments, and that such payments were made by defendant and received by plaintiffs, or either of them, for the entire time in controversy, then they should find a verdict for defendant."

Mr. John C. King, for appellees.

Thompson v. Hill, 145 Mass. 379–380, cited by appellant to sustain his position, lays down the correct rule, and is authority for appellees. In this case "A had a claim against B for one-third of the net profits of an enterprise in which they were jointly engaged. He sent a letter requesting the

defendant to render an account. The defendant in reply
sent a letter inclosing an account in which he credited the
plaintiff with one-third of the profits and charged him with
an item of $260 claimed to be due for the defendant's serv-
ices, and also inclosing a check for the balance of the
account thus stated. The plaintiff credited the check to the
defendant on account, but he did not agree to accept it in
satisfaction of his claim; on the contrary he forthwith
demanded payment of the said amount of $260 of the
defendant, and upon his refusal to pay at once brought this
suit. Held, that the case stands in legal effect the same as
if defendant has presented his account in a check and per-
sonal interview, and the plaintiff had refused to agree to the
account or accept the check in full satisfaction." There
was no agreement to compromise, and no accord and satisfac-
tion, and the plaintiff is entitled to recover the balance due
her. In this case the answer was (1) a general denial, (2)
accord and satisfaction. In the same case Moulten, C. J.,
says: "If a creditor having an unliquidated or disputed
claim against his debtor, accepts a sum smaller than the
amount claimed in satisfaction of the claim, he can not
afterward maintain an action for the unpaid balance of his
original claim. This proceeds upon the ground that the
parties have agreed to settle an unliquidated or disputed
claim, or in other words, have agreed to an accord and sat-
isfaction of such claim."

It was held in this case that the facts did not show an
accord and satisfaction, and that the action could not be main-
tained. And the case is on all fours with the one at the bar,
with the exception that in the Massachusetts case the accord
and satisfaction was pleaded. In the case at bar only the
general issue is pleaded. In the case at bar there is no un-
liquidated or disputed claim. The amount due is fixed by
the terms of the lease, and the only question is whether the
facts had arisen under which the increased rental should be
paid. And Mrs. White did not accept the $25 in compro-
mise of the claim, because Martin insisted that only $25 was
due.

In Tuttle v. Tuttle, 12 Metc. 551, the court ruled that acceptance by the plaintiff of the principal sum due on a note for $100, which by its terms did not draw interest, with the understanding that the same was to be in full discharge of all claim on his part upon it, would constitute a good defense to the action. The court, in its opinion, says: "Without impugning the general principle that upon an express agreement to pay a specific sum of money, or subsequent agreement by the promisee, without any new consideration, to receive a less sum in money in discharge of such promise, would constitute no legal defense in a suit for the balance unpaid, the court are clearly of opinion that the facts in the present case as admitted, would present a proper case for litigation, and a question of so much doubt and uncertainty as to the issue, that the promisee of the note might well deem it for his pecuniary interest to accept the payment of the principal sum in full discharge of the note, rather than to incur the expense of litigation. Said agreement to accept the principal, if made under circumstances like the present, and the actual acceptance of the same in pursuance thereof, would constitute a good defense to the prosecution." Ib. p. 554.

In the case at bar, there was no agreement and no circumstance from which an agreement could be implied that Margaret White accepted $25 in payment of $40 reserved in the lease. The mere fact that Martin stated that it was in full payment does not bind White, she expressly refusing to accept it as such.

In Donohue v. Woodberry, 6 Cush. 150, it is held: "If one owing a sum of money, the amount of which is not ascertained and fixed, offer his creditor a certain sum declaring it to be for all that is owing him, which sum is accepted by the creditor, such acceptance is a full discharge of the demand." Chief Justice Shaw in his opinion says: "This is quite distinguishable from a tender not accepted in discharge of any debt or debts, which must in general be absolute and untrammeled with any condition. It is also distinguishable from an accord and satisfaction, where something other than money is offered on one side and received on the other in satisfac-

tion of some debt or duty. The rule is well settled, that the payment of a part, although offered in satisfaction, is not a payment of the whole, and is no defense to the action for the balance. But that rule applies strictly to a case of supposed debt, or a claim for a liquidated amount. It does not apply to an unliquidated claim for damages. Originally the present was a claim for services, and was for unliquidated damages. Some services were admitted to have been rendered, but the amount was denied and an offer was made of a less sum than that claimed. The case was open to two inquiries: 1, as to the time of service; and 2, as to the rate. The offer, therefore, of $35, was both to liquidate the claim and pay that sum in satisfaction. The acceptance of the offer fixed and liquidated the sum, and was in the nature of an *insimul computassent* and *eo instanti* discharged it.

In Lee v. Dood, 2 West R., 465, a tender upon express condition was pleaded and proven, and that the tender was accepted upon the conditions offered.

In Jenks v. Burr, 56 Ill. 450, there was a disputed account between the parties, and one tendered the other a certain sum in full satisfaction and discharge of the claim, and the other received the sum thus tendered on the terms proposed. In the case at bar there is no disputed account. The amount due was liquidated and fixed by the terms of the lease. In this case, cited by appellant, on page 454, the court, immediately following the citation quoted by appellant, says: "It is always a question of fact for the jury whether the money was tendered in full satisfaction and discharge of the claim, and whether it was received on the terms proposed by the party to whom it was tendered."

MORAN, P. J. This action was brought to recover a balance of rent alleged to be due under a certain lease between the parties. Said lease was for a term of five years from August 11, 1885, at a rental of $300 per annum, payable at the rate of $25 each month in advance, and contained the following stipulation:

"It is also further agreed that the party of the second part,

if the mills of the Union Steel Company (formerly Union Iron & Steel Co.) resume operations to their full capacity during said term, under whatsoever management, he shall pay as rental the sum of $40 per month instead of $25, as above specified, from and during the time said mills resume their operations, and until the end of this lease; but if said mills again suspend operations, then said rental shall be $25 per month from the date of such suspension."

Appellee claimed that the mills resumed operations in May, 1886, and appellant denied that there was then, or at any other time prior to the commencement of the suit, any such resumption of operations in the mills, as made him liable to pay the increased rent under the terms of the lease.

Appellant tendered to appellee $25, in payment of the rent for the first month after the dispute arose, as the whole rent due from him, and she refused to receive the sum so tendered, except in part payment of said rent, and each succeeding month an additional $25 was tendered and refused until the eleventh month, when he tendered to her $275, saying: "Here is your money in full," and she took it and kept it, and the next month he again tendered her $25 as in full of the rent, and she took it.

The claim that the judgment is erroneous and should be reversed is based on two grounds, which we will consider in the following order:

1st.    It is contended that the receipt of the money tendered by appellant created a bar to an action for any further rent, for the months for which said rent so received was tendered, and the court erred in instructing the jury that "the accept-ance of $25 per month would not prevent a recovery unless the same was accepted upon some new consideration or agree-ment."

The argument is, that the specific tender by the lessee, with acceptance by the lessor, without dissent from the terms of the tender, constituted an accord and satisfaction between the parties.    The rule invoked has application where the claim is for an unliquidated amount, or the thing paid or given in satisfaction of a liquidated amount is personal property or

securities, something other than money; and such are the cases cited and relied on by appellant. Adams v. Helm, 55 Mo. 468, was where promissory notes for a certain amount secured by trust deed, were tendered in payment of an existing indebtedness, and were received from the hands of the person making the tender, with the remark that they would be held as collateral to the indebtedness.

The court held that as the notes were tendered in satisfaction of the debt, they must be held to be so received. Nor is the case one depending on the doctrine of accord and satisfaction; for there was an agreement between the parties that such notes secured by trust deed would be received by the creditor as cash. Jenks v. Burr, 56 Ill. 450, was a suit to recover for work and materials where the amount was unliquidated and in controversy between the parties. What the court says has no application to a claim ascertained and liquidated between the parties. There is no magic in a tender in such case. The question always is, whether the offer and acceptance amounted to an accord and satisfaction, and if the claim is unliquidated and in dispute, the settlement of it by a tender on one side and acceptance on the other, forms a good consideration for the agreement of accord and satisfaction. But the payment in money of a part of the whole debt is not a good satisfaction, even if accepted, when the amount of the debt has been ascertained and liquidated, because to accept less than the real debt is a mere *nudum pactum.* Payment of a less sum where a *release* is given will constitute a bar to the recovery of the balance, because the release is under seal, which, of itself, implies a sufficient consideration.

"It is a general rule" (said McAllister, J., in Capital City M. F. Ins. Co. v. Detwiler, 23 Ill. App. 659), "that where the amount of the debt is fixed and certain, or capable of being reduced to certainty by computation, the payment of a part of such debt can not have the effect of an accord and satisfaction without a release under seal; but where the amount or debt is unascertained and not fixed or certain, the rule is otherwise, and the payment and acceptance in satisfaction of a less sum will support a plea of accord and satisfaction."

Now, suppose the fact to be that the conditions existed which made it the duty of appellant to pay the $40 per month, agreed upon in the lease, could the acceptance, by appellee, by an amicable agreement, of a less sum, bar her right to recover the balance?  The authorities with one accord answer no.  "And it was resolved by the whole court that payment of a lesser sum on the day, in satisfaction of a greater, can not be any satisfaction for the whole, because it appears to the judges that by no possibility a lesser sum can be a satisfaction to the plaintiff for a greater sum."  Pennel's Case, 3 Coke, 238.

But the tender and acceptance of a lesser sum only amount to an agreement; and unless there is some new consideration, must be as ineffectual to discharge the debt as an agreement otherwise formed.  To amount to an accord and satisfaction, the creditor must receive some actual benefit that he would not otherwise have had.  Am. & Eng. Ency. of Law, title, Accord and Satisfaction, and cases there cited.

"If the demand to be satisfied is a definite sum of money, and the sum to be paid in satisfaction also money, the satisfaction must equal the claim; but if the claim is for unliquidated damages, or the thing done or given is not money, the question of adequacy does not arise.  It is enough that something substantial, which one party is not bound by law to do, is done by him, or something which he has a right to do he abstained from doing at the request of the other party.  Watson v. Elliott, 57 N. H. 511.

Now it is very clear that appellant was bound by his lease to pay the $25 per month at all events.  That amount was not in dispute, but was ascertained, and its payment was made dependent on no contingency.  How can his doing of that, which he was bound by law to do, be made the consideration for discharging him from doing something else which he agreed to do?  A new consideration for his paying the $25 per month was unnecessary.  A new agreement by him to pay it would not be binding upon him.  Runnamaker v. Cordray, 54 Ill. 303.

Therefore in taking the money tendered, no matter what

the conditions were, appellee got nothing but that to which she had a prior title, a prior right, and receiving that could not be receiving a satisfaction for something else.

If, therefore, the plaintiff had a cause of action for the additional rent, it could only be extinguished by a satisfaction which she agreed to accept, but such agreement must be on a new and sufficient consideration. Cumber v. Wane, 1 Smith's Leading Cases, 606, and notes; Neal v. Handley, 116 Ill. 418; Hayes v. Massachusetts Life Ins. Co., 125 Ill. 626, 638; Rose v. Hall, 26 Conn. 392; Miller v. Holden, 18 Vt. 337.

Counsel's contention as to the effect of the tender and acceptance can not be sustained; and the court was correct in giving the instruction complained of.

2d. We are of opinion, however, that the contention that the verdict is not warranted by the evidence, is sustained. Before appellee could be entitled to recover $40 per month rent, it must be shown that the mills did resume operations to their full capacity. The proof shows that the mills when they suspended prior to the execution of the lease, were operating 2,231 men. The mills were rebuilt in part and thereafter employed 1,500 to 2,000 men; at no time after resuming did they exceed 2,000, and the average number employed was not over 1,700.

What was known as the Molten Mill never did resume, but its space was devoted to warehouse purposes, and only six men were at work in it, where before the suspension 400 to 500 men were employed.

When the business of appellant (saloon keeping adjacent to the works) is taken into consideration, it is rendered probable and almost certain that what the parties meant by "the mills resuming to their full capacity," was that they should resume the employment in the works of substantially the same number of men that had been employed before the suspension. Capacity could not have had reference to output, because that could be of no interest to the parties.

The resumption by the mills to their full capacity was a condition precedent to appellant's liability for the increased

rent.    In such cases the condition precedent must be exactly performed or fulfilled, before the liability contingent thereon can be enforced.    Oakley v. Morton, 11 N. Y. 25; 7 Wait's Actions and Defenses, 356.

Proof of the happening of the event strictly as provided for in the condition, will not be dispensed with although the event has become impossible without the fault of the plaintiff.

So this strict rule would operate under this clause of the lease against both parties.    If appellant had become liable for the increased rent, in accordance with the terms of the condition, he could not relieve himself by proof that the mills had again partially suspended operations.    He must show a total suspension in order to reduce the rent, and relieve himself from the performance of his contract.    Bruce v. Snow, 20 N. H. 484; Jones v. U. S., 96 U. S. 24.

The appellee could have made the contract differently, but it is not the question whether the contract was wise or unwise.    The parties made a contract with reference to a matter about which it was lawful for them to contract, and neither court nor jury has the right to soften its conditions or alter its terms.    Townsend v. Water Com., 63 Ill. 26.

The evidence did not authorize the verdict that the mills had resumed to their full capacity, and the judgment must, therefore, be reversed and the case remanded.

*Reversed and remanded.*