## Louis Heintz et al. v. Sarah A. Pratt, Administratrix, etc.

1. AMENDMENT—*Of Judgments—After Appeal Taken.*—In a suit brought against two defendants, one of whom only being served, by misprision of the clerk, judgment was entered against both, the word "defendants" being used for the word "defendant." *It was held* properly amended by making the correction, even after an appeal was taken.

2. RELEASE—*On Payment of Lesser Sum.*—A payment of a lesser sum will not discharge a debt for a greater sum, without some additional consideration; the creditor must, besides a part, receive something of benefit that he would not otherwise have had.

**Memorandum.**—Assumpsit on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1894, and affirmed Opinion filed April 30, 1894.

The opinion states the case.

RUNYAN & RUNYAN, attorneys for appellants.

EDGAR B. TOLMAN, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action brought by plaintiff as administratrix of the estate of Joseph Pratt, deceased, against Louis Heintz and M. C. Meyer, upon a note made payable to Joseph Pratt, signed by each of the defendants.

In this State a judgment at law is an entirety. Brockman v. McDonald, 16 Ill. 112; Williams v. Chalfant, 82 Ill. 218.

An appeal was taken by Louis Heintz. After the appeal to this court was perfected, the following order was made by the Circuit Court:

It appearing to the court that the word "defendants" instead of the word "defendant" has been erroneously used in entering up the judgment in this cause, and it further appearing to the court from the original summons and the

return thereof filed in said cause, and from the files of said cause, that the defendant, M. C. Meyer, has never been served with process or appeared in said cause, now on motion of plaintiff, by his attorney, of which said motion the defendant, Louis Heintz, has had due notice, and he being now present by his attorney, it is ordered that the said judgment entered in said cause heretofore, to wit, January 18, 1894, be and the same is hereby amended, so that wherever the word "defendants" appears in said judgment and the record thereof, the following words, viz.: "defendant, Louis Heintz," shall be substituted in lieu thereof, so that said judgment shall be against the defendant Louis Heintz only.

Such correction was entirely proper, the error in entering judgment against a defendant who was not brought into and did not appear in the cause was, as appeared by the files of the cause, a mere misprision of the clerk. Black on Judgments, Sec. 157; Seely v. Pelton, 63 Ill. 101, 105; Tucker v. Hamilton, 108 Ill. 464; Terry v. Trustees, 70 Ill. 236; Church v. English, 81 Ill. 442; Gillett v. Booth, 95 Ill. 183.

It was insisted upon the trial that this note for $611.25 had been satisfied by a payment of $150 under an agreement to that effect.

A payment of a lesser sum will not discharge a debt for a greater sum, without some additional consideration; the creditor must, besides a part, receive something of benefit that he would not otherwise have had. Titsworth v. Hyde, 54 Ill. 389; Curtis v. Martin, 20 Ill. 557–577; Martin v. White, 40 Ill. App. 281.

The judgment of the Circuit Court is affirmed.