## Daniel W. Ryan v. J. S. Brown.

1. QUESTIONS OF FACT—*Verdict Decisive.*—Where a case is in all its essentials one which depends upon the facts, it is one for the jury to decide.

Assumpsit.—Breach of contract.   Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.   Heard in this court at the March term, 1895.   Affirmed.   Opinion filed June 24, 1895.

JOHN H. WHIPPLE, attorney for appellant; ROBERT VAN SANDS, of counsel.

LYMAN & JACKSON, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant for a balance claimed to be due on a contract, specially declared upon, for the sale by him, and purchase by appellant, of two hundred thousand barrel staves with heads to match, of one size, and two car-loads of staves with heads to match, of another size.

The general issue, accord and satisfaction, and set-off were pleaded.   From a judgment for $179.87 this appeal is prosecuted.

Appellee did not claim that he shipped all the staves called for by the contract, but excused himself in that regard because, as he claimed, the appellant refused to pay for those that were shipped and refused to receive more, and the recovery was for the balance claimed to be due on the number shipped.

The appellant on the other hand, claimed that he did not receive as many staves of the kind called for by the contract, as appellee claimed to have shipped, and claimed, further, that their dispute concerning the matter was disposed of, as set up in the plea of accord and satisfaction, by the rendering of a statement by him to appellee and a tender to

and acceptance by appellee of a sum of $155.69, as being the balance due to appellee. These matters were all fairly submitted to the jury upon evidence on both sides and instructions by the court.

The instructions that were given present in substance the whole controversy and were as follows:

On behalf of appellee:

" The jury are instructed that the plaintiff was not required to ship any further staves if the defendant did not pay for the previous shipments, but it is for you to say from the evidence what the facts are in reference to shipment of staves and payment therefor.

As to the claim of the plaintiff against the defendant the jury are instructed that if they believe from the evidence that soon after the check for $155 was received, the plaintiff came to Chicago and refused to accept said check in full settlement and satisfaction for all staves delivered, then said check should be regarded as a payment for so much money and it will be for you to say from all the evidence how much, if anything, is due from defendant to plaintiff for staves sold and delivered by plaintiff to defendant.

The plaintiff was not bound to return the check for $155 or waive all claims on the defendant. It is for you to say whether or not in fact there was an agreement of settlement made between the parties. And it is for you to say what kind of staves were in fact delivered."

On behalf of the appellant:

" If the jury believe from the evidence that the plaintiff contracted and agreed to deliver to defendant a certain quantity of whisky staves and heads to match at a specified amount per thousand during the year 1889 and failed without excuse to deliver all of the same, that during the year 1889 the price of such staves advanced above said contract price, and that the defendant in consequence of such failure by the plaintiff was compelled to buy and did buy of others the amount of the plaintiff's shortage or any part thereof at an advanced price over the said contract price, then the defendant is entitled to recover of the plaintiff the difference

between what the plaintiff had agreed to furnish the same for, and what the defendant paid for what he so bought to take the place of said shortage or any part thereof."

Those instructions presented the whole case to the jury and left every fact to them. We can not accede to appellant's contention that either of said instructions for the appellee took from the jury any material question of fact involved, and therefore do not discuss the propositions he argues upon a contrary assumption.

The requested instruction for the appellant, of the refusal to give which, the appellant complains, was properly refused by the court. It omitted all reference to an honest or good faith dispute between the parties, which is an essential element to sustain an accord and satisfaction. See Martin v. White, 40 Ill. App. 281.

The case was in all essentials one that depended upon the facts, and the jury has decided them. The judgment is therefore affirmed.