## John Novak and Mary Novak v. Vypomocny Spolek Vlastenec Building and Loan Association.

1. Contracts—*Under Seal—How Modified.*—The terms of a contract under seal can not be varied by another instrument not under seal, executed subsequently.

2. Building Associations—*Presumptions as to Authority of President and Secretary.*—A court will not presume that the president and secretary of a building association had authority to join in the execution of an instrument stating that a person who had made a note to the association was acting for a third party in so doing, and declaring such note to be the obligation of such party.

3. Set-off—*Of Matured Stock of a Building Association Against a Note to the Association.*—In a suit to foreclose a mortgage to a building association, it is proper to set off against the amount due under the mortgage any sum that may be due the defendant on matured stock in the association held by him.

4. Appellate Court Practice—*Abstracts Should Show Error Complained of.*—This court will not hunt through the transcript to find facts to support or refute the assigned error. The facts necessary to support an assignment of error should appear in the abstract.

5. Same—*Costs of Abstract Filed by Appellee.*—The cost of an additional abstract filed by an appellee will not be taxed against the appellant where the court does not find it necessary to refer to such additional abstract.

6. AMENDMENTS—*Of Decrees.*—The description contained in a decree for foreclosure may be corrected, from matter appearing upon the record, after the filing of an appeal bond.

**Foreclosure Proceedings.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

JONES & LUSK, attorneys for appellants.

CHARLES VESELY, attorney for appellees; A. N. TAGERT and W. F. COOLING, of counsel.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee Building and Loan Association filed its bill to foreclose a trust deed, given to it by the appellants, John Novak and his wife, to secure a loan of $5,200, made to said John Novak, and obtained the decree of foreclosure and sale, which is appealed from.

In such suit the appellants filed their cross-bill, wherein they set up sundry matters which they alleged constituted good grounds against the liability of the appellant, John Novak, for any decree against him for any deficiency which might remain after a sale of the mortgaged premises, but such cross-bill was dismissed for want of equity, and the decree of sale that was entered found him to be liable for such deficiency, if any there should be.

The cross-bill also asked for an accounting by the appellee association with the appellant John Novak, concerning an alleged trust in connection with the mortgaged premises, and also concerning eight shares of stock in the appellee association, which were held by the said Novak and had matured.

The controversy upon this appeal is within narrow limits, and being in substance between only John Novak and the Building and Loan Association, we will, in speaking of them, call them appellant and appellee, respectively.

684 APPELLATE COURTS OF ILLINOIS.

VOL. 68.] Novak v. Vypomocny Spolek Vlastenec B. & L. Ass'n.

In his reply brief, appellant says: "Appellant has not disputed the execution of the agreement and trust deed, nor that the loan which they represent was made. We deny the personal liability of John Novak, and we claim that the deficiency decree, as against him, is wrong. We admit that the foreclosure should proceed and that the sale should be made to satisfy the indebtedness represented by the agreement and trust deed, but we claim that if any deficiency decree is to be entered, it should be against the real debtor, Jan Sevcik, and that appellant John Novak should, at the same time, have a decree against appellee for the amount shown by the evidence to be due him from appellee."

Very briefly stated, the contention of the appellant made in his cross-bill was, that one Jan Sevcik being entitled, by agreement with his mortgagee, to an equity of redemption in the premises covered by the trust deed (the same having been sold and conveyed to the mortgagee by a master in chancery, under a decree of foreclosure against him at the suit of the Star Coal Company), applied to appellee for a loan sufficient to enable him to redeem or buy back the property, and, in expectation of obtaining such loan, bought fifty-two shares, of $100 each, of the stock of appellee, and offered to mortgage the premises in question as security for the loan. But, for some reason not stated in the cross-bill, the appellee required, as a condition to making a loan upon the offered security, that Sevcik should consent to a conveyance of the premises by the Star Coal Company to the appellant, who was an officer of the appellee, to be held in trust by him for appellee as security for the applied-for loan, and should, also, transfer said fifty-two shares of stock to appellant for the same purpose, to the doing of which both Sevcik and the appellant consented, and which was done; and that it was, as a part of the same arrangement, also agreed by all the parties that appellant should give the trust deed and agreement to appellee for the loan, precisely as Sevcik would have done, had he held the title and made the papers. But that in fact it was to be treated as a loan to Sevcik, and that he was to remain in possession of the

premises, pay and perform all the agreements which were on the face of the agreement to be paid and performed by the appellant, and that when Sevcik should have paid one-half of the indebtedness, the appellant should reconvey the premises to Sevcik.

And it was alleged that Sevcik did, for a time make the payments as required by the said agreement, but afterward defaulted, and thereupon the appellant collected as much of the rent of the premises as he could, and therewith made and kept up such payments, but never paid any part of such indebtedness, and was never expected to pay any, out of his own funds.

In support of appellant's contentions, so set up in his cross-bill, he set up what is called a "declaration of trust," as follows:

"Whereas, Jan Sevcik has made an application to Vlast-enec Building and Loan Association for loan of fifty-two hundred dollars on his property which he owned in fee simple, being known as lot 45, in block ten (10), in Johnston & Lee's subdivision of section twenty (20), township thirty-nine (39) north, range fourteen (14) east of the third (3d) principal meridian, together with all the improvements thereon.

And, whereas, said property has been incumbered to the Star Coal Company, and said company has foreclosed the property, and the association through its board of directors intended to assist said Sevcik to redeem his property from the sale, therefore, it has been decided to make the loan to said Sevcik, provided he would pay to Vlastenec Build. & Loan Association thirteen dollars on each Thursday of every week, also interest at $6\frac{1}{2}$ per cent, in monthly installments, on $5,200 until half of the sum, with interest thereon, is paid. And as further consideration, said Sevcik to assign and transfer his stock and quit-claim, with his wife, the above described property to John Novak as trustee; and when the amount as above said has been paid, then said John Novak, at the request of said Sevcik, with the consent of the board of directors of said association, shall reconvey

686        Appellate Courts of Illinois.

Vol. 68.]   Novak v. Vypomocny Spolek Vlastenec B. & L. Ass'n.

the above said property to said Sevcik.   In case of failure
to make the weekly payments or interest, the said Sevcik
shall surrender immediate possession, and the said John
Novak is hereby authorized by the board of directors of
said assocation and also by Jan Sevcik to take possession,
collect all the rents and incomes, pay taxes and repairs and
other expenses, and turn the balance to the association
toward the payment of dues and interest.

The said John Novak shall further execute a trust deed
and agreement and give the Sevciks' property as security
for said loan of $5,200.

Said Novak shall receive reasonable fees for his services
if he collects the rents and perform any other duties as
hereinbefore provided for.

In witness whereof we have subscribed our names and
seals this second day of March, 1893.

Joseph Sindelar, Pres.
Joseph Petrzelka, Sec.
Jan Sevcik and
John Novak,
Trustees for Vlastenec Ass'n."

Although such " declaration of trust" bears the same
date as that of the trust deed and agreement executed by
appellant, it was established that it was not in fact made
until afterward, and there is evidence tending to show that
the officers of appellee, other than Novak, who signed it,
understood from the appellant, at the time he requested
them to sign it, that it was a paper needed by appellant to
enable him to collect the rents of the mortgaged premises.
The appellant was the " notary " of the appellee, which is
said to mean that he was its legal adviser, and prepared the
papers used in connection with loans.

We do not regard such " declaration of trust," though it
be given full effect as written, as in any manner relieving
the appellant from his agreement to pay the borrowed
money, or from the effect of the trust deed made by him.

By such agreement and trust deed he obligated himself
to pay the debt he had incurred through the loan that was

made to him, and we·discover nothing in the "declaration of trust" that relieves him from such obligation.

Granting that he did occupy a dual relationship of debtor under his agreement and trust deed, and of trustee, for some purpose not at all clearly disclosed by the "declaration of trust," the latter instrument being made subsequently, and not being under seal was incompetent to vary the terms of his agreement and trust deed, both of which were sealed instruments.   Besides, no authority to the persons who subscribed their names to the "declaration of trust," with the affix of "Pres." and "Sec.," respectively, is shown to have been conferred upon them by the appellee to do any such act, and we can not presume such authority to exist.

The indebtedness due to appellant on account of the eight matured shares of stock was applied by the appellee on the indebtedness secured by the trust deed, as was appellee's right to do, and the amount of the decree was lessened by that much, and we see no ground for complaint by appellant in that regard.

We discover no substantial error or inequity in the decree. If appellant has been placed in a position different from what he intended, it can not be said that it is because of the fault of anybody but himself.

The assigned and argued error, that the decree was for the sale of property not in controversy, remains to be considered.   Appellant's abstract of the bill is limited to the words:  "Bill to foreclose trust deed and copy of instruments."   His abstract of the decree shows that thereby a sale was ordered of "Lot 53 in William S. Sampson's subdivision of block 10, in Sampson & Green's addition to Chicago being a subdivision of N. W. ¼, Sec. 20, T. 39 N., R. 14."

There is nowhere in the abstract—and not even in appellant's brief—any description or statement of the mortgaged premises, if they be any different from those so described in the decree, and following our rule, and that of the Supreme Court, so often enforced, that reference to the cases is no longer necessary, we will not hunt through the tran-

script to find facts to support, or refute, the assigned error. But if it be assumed that the mortgaged premises were the same as those described in the "declaration of trust," and if, as stated in appellant's brief, the decree was amended after this appeal was allowed and the appeal bond filed, by substituting for the premises described in the decree those described in the bill, it was properly done.

Such amendment from matter appearing upon the record may be made after the filing of an appeal bond. Richardson v. Mills, 66 Ill. 525; Heintz v. Pratt, 54 Ill. App. 616; Seeley v. Pelton, 63 Ill. 101.

The motion to tax the costs of appellees' abstract against the appellant is denied. We have not found it necessary to refer to such additional abstract.

The decree is affirmed.