### D. D. Donahue, Administrator, Plaintiff in Error, v. George Brooks et al., Defendants in Error.

ACCORD AND SATISFACTION—*when supported by sufficient consideration.* Where a creditor receives anything of benefit to himself that he would not otherwise have had, together with a payment of a lesser sum than that which is apparently due, an accord and satisfaction is established.

Action commenced before justice of the peace. Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

EDWARD PEIRCE, for plaintiff in error.

WELTY, STERLING & WHITMORE, for defendants in error.

MR. JUSTICE RAMSAY delivered the opinion of the court.

J. P. Douglass, now deceased, brought suit against George Brooks before a justice of the peace in McLean county and recovered a judgment in the sum of $95. Brooks gave an appeal bond with L. C. Hay as surety and took the same to the County Court of McLean county where it was again tried and a like judgment rendered in favor of Douglass on the fifth day of January, 1906. On the day judgment was rendered Brooks prayed an appeal to this court, which was allowed, and he was given forty days in which to file his bond and bill of exceptions. On the next day, January 6, 1906, Douglass, who was sick and at the time an inmate of the county house, sent for Hay, who was the attorney for Brooks, to come to the county farm, with a view to settling the case. Hay visited Douglass at the county farm, when, after some negotiations, Douglass agreed to accept $40 in cash in full of his claim against Brooks if Hay would abandon the proposed appeal to the Appellate Court and would pay the $40 at once and also pay all costs. This Hay agreed to do and thereupon paid Douglass the $40 and Douglass executed an instrument in the following words and figures:

"$40.00          BLOOMINGTON, ILLINOIS, Jan. 6, 1906.
Received of George Brooks, by the hand of L. C. Hay, Forty ($40.00) Dollars, which I hereby agree to accept and do accept, in full payment of a judgment which I hold against George Brooks for Ninety-five Dollars, which judgment was rendered against said Brooks in my favor, at the December term, 1905, of the County Court of McLean County, Illinois. And I hereby release the said George Brooks from the obligation in said judgment contained, and from all other obligations which I hold against him and I have this day given the said L. C. Hay, Power of Attorney, in my stead to release said judgment on the records of the

McLean County Court, and satisfy the same in full upon payment of the costs of suit.

<pre>                                        his
    Witnesses to mark:          JAMES (X) DOUGLASS.
A. M. CONRAD                          mark
CHARLES LABORENCE
MARTHA WINKLE.''
</pre>

On January 16, 1906, Hay paid all costs in the cause, amounting to $46.50. Douglass died at the county farm in January, 1906, before any effort had been made by Hay to release the judgment of record. On April 20, 1906, Donahue was appointed administrator of Douglass' estate and this suit brought by him as administrator against Brooks and Hay on August 16, 1906, in the Circuit Court of McLean county to recover upon their bond given upon the appeal from the judgment before the justice of the peace. Trial was had in the Circuit Court which resulted in a judgment in favor of Brooks and Hay and Donahue sued out a writ of error.

Only two points are made by the plaintiff in error which we think of sufficient merit to justify discussion. First, that there was no consideration to warrant the release of the difference between the $40 received by Douglass from Hay and the amount of the judgment, $95; second, that by the death of Douglass the power or warrant which the written instrument purported to give to Hay to satisfy and release the judgment, was revoked and annulled and for that reason the judgment still remained in full force and uncancelled.

It is undoubtedly the rule, as contended by plaintiff in error and as announced in Martin v. White, 40 Ill. App. 281, and Heintz v. Pratt, 54 Ill. App. 616, that ''A payment of a lesser sum will not discharge a debt of a greater sum, without some additional compensation.'' Yet it is also well settled that where the creditor receives anything of benefit to himself, that he would not otherwise have had, together with a payment of a lesser sum, there may be an accord and satis-

faction.   Titsworth v. Hyde, 54 Ill. 389; Curtiss v.
Martin, 20 Ill. 555.

In the case before us the evidence shows that there
was an agreement upon the part of Hay, acting for
Brooks, to abandon the appeal, the right to which had
been fixed by the court on the day before Douglass and
Hay made the settlement and that the cash payment
to Douglass agreed upon should be made at once.
Pursuant to this agreement between Douglass and
Hay, Hay paid Douglass the forty dollars on the sixth
day of January, 1906, thirty-nine days before Douglass
could otherwise have obtained the money upon the
judgment.   Besides the verbal waiver of a right to an
appeal, immediate payment of money was made, which
must have been an advantage to Douglass.   Douglass
was sick at the time of the negotiations and a county
charge and had been told that he could live but a few
weeks at most, and died within the forty days allowed
for appeal.   Under the circumstances it was surely a
benefit to Douglass to at once receive the cash pay-
ment.

Upon the second proposition it is only necessary to
say that even if the authority delegated to Hay in the
paper executed by Douglass, to release the judgment,
was revoked by the death of Douglass, the paper was
still operative as a receipt in full payment of the judg-
ment.

The judgment of the Circuit Court was right and is
affirmed.

*Affirmed.*