WILLIAM M. SUTTON & HARRY SUTTON *v.* JOHN TYRRELL.

CHITTENDEN,
*January,*
1838.

The revocation of a *written submission* must be by *writing.*
What is revocation *in law.*
The entry and continuance of a cause in Court, which had been inclu-
ded in a submission, but before award, is no revocation of the submission.

THIS was an action of assumpsit, upon the following written submission. "Whereas divers difficulties have arisen between "Wm. M. & H. Sutton and John Tyrrell, to end all which, "and all manner of differences between them, we hereby agree "to submit the same to the arbitrament, and determination "of John Vansicklen, jr. and Charles Russell, the report of "whom, to be made as soon as may be, to be final and con-"clusive between the parties, and all suits now pending are "to be discontinued, and all executions suspended ; and if "either party neglects to appear and have the trial, at the "time set for the same by the arbitrators, he shall pay to the "other party all damages that he may thereby sustain."

Which writing was dated the 23d of February 1836.

Plea—General issue, and trial by jury.

On the trial in the County Court, the plaintiffs, to sustain the issue on their part, introduced, as evidence, the written submission, of which the above is a copy, and a notice issued by the arbitrators to the parties, to appear before said arbitrators, and submit all matters between them according to the terms of said submission; also a written revocation of said submission, on the part of the defendants, dated January 20, 1837, and a bill of costs taxed by said arbitrators in favor of the plaintiffs against the defendant.

The defendant, to sustain the issue on his part, offered evidence tending to prove, that at the time of making said submission, there were three suits pending between the parties, one of which was in favor of the plaintiffs, brought before a justice of the peace ; that the plaintiffs had appealed from the decision of the justice, in said last mentioned suit, to the March Term of the Chittenden County Court, 1836 ; that it was mutually agreed that neither party should proceed further in said suits ; that the suit so appealed should not be entered in the County Court, but should be submitted, with the other matters, to the determination of said arbitrators ; that after the making of said submission, viz. at the March

CHITTENDEN,
January,
1838.

Suttons
v.
Tyrrell.

Term of said County Court, 1836, the plaintiffs entered said suit upon the docket of said Court, and it was continued to the August Term 1836, when the defendant's counsel moved to have the cause stricken from the docket, for the reason that it had been, with other matters, submitted to the determination of said arbitrators; that the plaintiffs' counsel resisted the motion, and the Court overruled it, and ordered the cause continued; that, at said August Term, 1836, and after the Court had dismissed said motion, the defendant's counsel notified Wm. M. Sutton, one of the plaintiffs, that he might consider the powers of the arbitrators ended, and that he (defendant's counsel) should advise the defendant to have nothing more to do with the arbitration. In addition to the bill of costs taxed by said arbitrators, the plaintiffs claimed the sum of five dollars, for fees paid by them to their counsel, for attending before the arbitrators. It did not appear that the plaintiffs had incurred any expense, prior to procuring the notice from the arbitrators, before referred to.

Upon these facts, the defendant requested the Court below to charge the jury; that the entry of the suit in favor of the plaintiffs, against the defendant, in the County Court, at the March Term, 1836, and the refusal of the plaintiffs to have the suit striken from the docket, at the August Term, 1836, were a violation of the submission, by the plaintiffs, and that, consequently, the defendant was no longer bound by it; that the notice to Wm. M. Sutton, from the defendant's counsel, at the August Term of said Court, 1836, before mentioned, was a revocation of said submission, and that the plaintiffs were not entitled to recover the bill of costs taxed by the said arbitrators; that, as it appeared from said bill of costs, that the arbitrators had allowed the plaintiffs for their travel and attendance before the arbitrators, if the plaintiffs were entitled to recover any thing, they were not entitled to recover for the fees paid their counsel. But the Court refused so to charge the jury, and instructed them, that though the entry of the suit in favor of the plaintiffs against the defendant, in the County Court, was a breach of the submission on the part of the plaintiffs, for which the defendant might have his action against them, still it constituted no defence to this action, and that the declaration of the defendant's counsel to Wm. M. Sutton did not amount to a revocation of

the submission, inasmuch as it did not tall within the powers of an attorney in a suit to revoke a submission ; that there was no 'evidence, of any specific authority from the de- fendant to his counsel, to make a revocation, and that, in addition to the costs taxed by the arbitrators, the jury were at liberty to allow the plaintiffs a reasonable sum for fees paid to their counsel for going to attend the arbitration.

, The Jury returned a verdict for the plaintiffs, and the dedant excepted.

*Maeck & Smalley,* for defendant.

The plaintiffs first violated the submission, by entering one of the suits in the County Court, contrary to the express terms of the submission, and refusing afterward to discontinue it. The question then, is, whether the defendant was longer bound by the submission ?

1. The agreement was entire, to submit all the suits, and to submit them as they then were, without any further cost. The board of arbitrators was selected with a view to having them pass upon all the matters, and not a part only.

2. Where divers matters are in controversy between two or more, and they agree to submit all matters ; if one party withdraws a part, it is a revocation, and the other party is at liberty so to treat it. Though the plaintiffs afterwards changed their minds, and preferred to go before the arbitrators, still, they could not compel the defendant to do so, nor sue him for a refusal. Their previous acts dicharged him. Caldwell on Arbitration, 33, et. seq.

3. The plaintiffs have voluntarily put it out of their power, to perform the contract, on their part, and if so, they cannot hold the defendant to the performance of it. The terms of the submission were to be performed, by the respective parties, at the same time ; and if one party, has put it out of his power to perform, then the consideration of the other's contract has failed, and he is discharged. 2 T. R. 22. 2 Lev. 161. Comyn on Cont. 49. 2 Taunt. 150. Do. 325, note (a)

Where lessor evicts lessee, before the rent falls due, from the whole or any part of the premises, he cannot recover his rent ; because he has destroyed the expected benefit of the contract. 15 Mass. Rep. 208. Selwyn's N. P. Vol. 1. 432, and cases there cited. *Dyott* v. *Pendleton,* 8 Cow. 727.

CHITTENDEN, This case seems to be a fit one for the application of the
January,
1838.      principle.

Suttons
v.
Tyrrell.

*Wm. P. Briggs,* for plaintiffs.

The entry of the suit, appealed by the plaintiffs, was no revocation of the submission, inasmuch as the power of the arbitrators over it was as full and ample after its entry as before, the written submission having given the arbitrators full jurisdiction over not only all suits, that had been or were existing between the parties, but also, all other matters of difference between them.

And further, if the entry of the suit was a violation of the agreement of the plaintiffs in the submission, which had subjected the defendant to some trifling cost, such cost would be a fair claim before the arbitrators, as no trial had been had in the suit before the County Court. Kyd on awards, 33.

The parol declaration of defendant's attorney, at the August Term 1836, can in no sense be treated as a revocation of the written submission, then existing between the parties.

The defendant having, on the 20th January, 1837, placed before the arbitrators a written revocation of the submission, it was but mere justice, that the plaintiffs should recover, in this action, all their reasonable expenses, especially when it was then in the power of the defendant, if he would, to have a full hearing, and a fair adjustment of all claims. *Hawley v. Hodge,* 7 Vt. R. 237.

The opinion of the court was delivered by

COLLAMER, J.—The first question is, did the entry and continuance of the action, in the County Court, amount to a revocation of this submission? Revocations are express, or in fact; or implied, or in law. In relation to the first, they are made by the party, and are to be in the same form or manner in which the submission is made. If the submission be by *deed,* then the revocation must be *under seal*; if by *writing,* then so must be the revocation; and if, simply, by *parol,* then it may be *so revoked.* Implied revocations, or revocations in law, arise from the legal effect and necessary consequence of some intervening event, either providential or caused by the party, necessarily putting an end to the business. The death of the party, or umpire; the marriage of a party *feme sole,* the lunacy of a party, or the utter destruction or final end of the subject matter, are of this descrip-

tion. The entry and continuance of the action was, obviously, not an *express revocation*, nor was it such an act as put an end to the subject matter of the submission, nor did it prevent the arbitration from proceeding with effect. It occasioned the defendant no cost, and, indeed, it was no more than an ordinary act of caution, to keep the action in existence, should the opposite party revoke or decline to attend. This, then, was not a *revocation in law*.

The submission does indeed provide, that all pending suits shall be discontinued; but it provides no *time* when this shall be done; much less does it make the performance of this a condition precedent. Most clearly, either party might recover on this submission, without averring or proving a discontinuance of his actions.

It is next insisted that the notice given by the defendant's attorney was a revocation. But, as already remarked, even if he had the power of revocation, it was not legally exercised, for it must have been *in writing*. The submission was in force, until finally revoked *in writing*, and therefore the plaintiffs were entitled to recover. The amount they were entitled to recover was the damages and cost they suffered, and this was entirely a point to be settled by the jury. There was, therefore, no error in the Court in informing the jury they might allow for expenses of counsel, at that meeting of the arbitrators.

Judgment affirmed.