Chief Justice Robertson
delivered the Opinion of the Court-
This is an action of assumpsit for sixty five dollars, charged by Peters against Craig, for four portraits executed by him as a limner — one of Craig himself, one of his wife, another of his child, and the other of his deceased brother; and all of which Craig had received, and had hung up in his house.
Yerdict and judgment having been rendered for fifty six dollars — a reversal is sought on two grounds: first— that the portraits were unskilfully executed; that three of them were not like the originals, and that, therefore, ' Peters was entitled to no compensation for more than one of the four, for which he had charged twenty dollars; and, second — because, as to three of the portraits, there had been an arbitration and award, on a parol submission, and in which award, the arbitrators decided that Peters was entitled to nothing for those three portraits.
But,neither ground is, in our judgment, sufficient to justify a reversal.
First. As it was known that Peters was not a good artist, but only an unskilful novitiate, who therefore charged, as was also known, only about fifteen dollars for executing one of his portraits; and as, moreover, Craig knowing, or being presumed to have known, those facts, nevertheless employed him, without any express stipulation as to the amount of compensation, and afterwards received the portraits — the law implied a promise by him to pay to Peters his customary prices, especially as it appears that those portraits were as good Peters as was in the habit of making. Surely Craig had no right to expect excellent likenesses skilfully executed for fifteen *308 dollars each, and by a man known to be a mere unskilful learner. And besides, his reception of the portraits without objection, was an implied waiver of objection to them, and implied also, a promise to pay the customary prices for them.
Second. It does not appear that the parties agreed to he bound by the award. From any thing appearing, their object may have been only to ascertain the opinion of the two referees' as a mere auxiliary to a settlement by themselves.
Nor does it appear that, if there had been a binding submission, there was not a revocation of it before the award was made: for this suit was brought the day after the reference, and the evidence does not show that the award had been regularly made and completed before that time. Such a submission might have been revoked by either party prior to a binding award; and the institution of this suit was an implied revocation, unless the award had been conclusively made before the suit was commenced.
Wherefore, the judgment must be affirmed.