63   101
32a 304
63   101
54a 617
63   101
68a 688

## ANTHONY S. SEELY

*v.*

## ELIZABETH PELTON, Admx.

1. ARBITRATION AND AWARD—*revocation waived.* A party who agrees to submit matters of dispute to arbitrators, and afterwards gives notice that he will not stand to any award that may be made, will, nevertheless, be bound by the award if he appears before the arbitrators and enters into the trial. This will be regarded as a complete waiver of his notice of revocation of the submission.

2. SAME—*delivery of copy of award.* When the submission does not so require, it seems that an action may be maintained upon an award for the payment of money, although the arbitrators failed to give the defendant a copy thereof before suit.

3. INTEREST ON AWARD. The statute allowing interest on money found to be due on settlement of accounts from the time of liquidating the same, applies to money found to be due from one party to the other by arbitrators. The maxim, *qui facit per alium facit per se,* applies in such case.

4. AWARD—*plea—revocation.* Where the declaration upon an award avers that both parties, with their attorneys, attended the hearing before the arbitrators and entered into the trial, a plea which avers a revocation of the authority of the arbitrators before the hearing, presents no bar to the action.

5. AWARD—*plea—determining matters not submitted.* A plea to a declaration upon an award, that the arbitrators heard and determined matters not embraced in the submission, in general terms, is defective in not stating in what particular they exceeded their jurisdiction. This is necessary, to apprise the plaintiff what to meet on the trial, and to narrow the issue to a single point.

6. SAME—*plea—failure to pass on all matters submitted.* Where the declaration upon an award averred a submission of matters involved in a suit at law to arbitration, a plea that the arbitrators failed to pass upon and allow matters embraced in the submission, is bad on demurrer, in not further averring that the arbitrators had notice of such matters, or that the defendant presented and offered to prove them.

7. SAME. Where a party, having made a general submission of matters involved in a suit with the plaintiff, fails or neglects to present matters which he has a right to present, he will not be allowed to set up, in defense to an action on the award, the fact that the arbitrators failed to pass upon such matters.

8. PAROL EVIDENCE—*swearing of arbitrators.* In a suit upon an award, the fact that the arbitrators were sworn may be proved by a witness who was present and heard the oath administered.

9. EVIDENCE—*practice.* In a suit upon an award, after the plaintiff had closed, the defendant asked the court to direct the jury to find for defendant as in case of a non-suit, because the evidence failed to establish a cause of action. The court then allowed the plaintiff to introduce further material evidence to the jury. It was held to be no error, but just and proper, as its admission at that stage of the case could inflict no possible injury on defendant.

10. SAME—*instruction as to.* Where the evidence tends to support the plaintiff's declaration, it is not error to overrule a motion by defendant for an instruction to the jury to disregard it. It is not for the court to pass upon the weight of the evidence, but the province of the jury.

11. AMENDMENT OF RECORD—*after the term.* Where the jury rendered a verdict for $1069.10, and plaintiff remitted $11.05 thereof, and the clerk, in making up the record, entered the judgment for $2069.19, the court, at a subsequent term, on due notice to defendant, amended the record of the judgment so as to make it correspond with the verdict and *remittitur*, which appeared from the record and judge's minutes: *Held,* that the amendment was properly allowed.

12. COSTS IN SUPREME COURT—*error obviated.* When there is error in the judgment of the court below, sufficient to reverse, which is obviated after the cause is removed to this court, by an amendment of the record in the lower court, the judgment, as corrected, will be affirmed at the costs of the appellee.

APPEAL from the Circuit Court of Greene county; the Hon. CHARLES D. HODGES, Judge, presiding.

The submission did not require the award to be in writing, or copies thereof to be delivered to the parties.

Mr. M. MYERSTEIN and Messrs. WOODSON & WITHERS, for the appellant.

Mr. H. CASE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

An action at law was pending in the Greene circuit court, in which appellee was plaintiff and appellant defendant. It

was agreed by the parties to submit the case to arbitrators, and James W. Gregory and James Smith were selected, with power, in case of disagreement, to call in a third person to act as umpire. The parties and their attorneys appeared before the arbitrators, who heard the case, and made and published this award:

"WHITEHALL, ILL., March 18, 1869.

We, the undersigned, arbitrators in the case wherein Elizabeth Pelton, administratrix of George Blum, is plaintiff, and A. S. Seely is defendant, agree that defendant shall pay the sum of $700 to plaintiff, and costs in this arbitration, also former costs in the circuit court.

JAMES W. GREGORY,<br>JAMES SMITH."

The money not having been paid, this action was commenced in assumpsit on the award. Appellant pleaded the general issue and three special pleas. A demurrer was sustained to the special pleas, and issue was joined on the other plea. A trial was had, resulting in a verdict and judgment in favor of plaintiff below, and the case is brought here by appeal.

It is insisted the court erred in sustaining the demurrer to the special pleas. The first of these pleas avers a revocation of the authority conferred upon the persons selected to arbitrate and determine the case. This plea presented no bar to the declaration, as it avers that both parties, with their attorneys, attended at the arbitration and entered into and upon the trial before them. Even if there had been a revocation, this would constitute a complete waiver. And it is no answer to that averment to say the power had been revoked.

The second special plea averred that the arbitrators heard and determined matters not embraced in the submission. This plea is defective in not stating in what particular the arbitrators

exceeded their jurisdiction. This was necessary, to apprise the appellee as to what she would have to meet on the trial, and to narrow the issue to a single point and prevent the opening of the question whether each item heard by the arbitrators and allowed by them was within the submission.

As to the averment that the arbitrators failed to pass upon and allow matters embraced in the submission, this is defective, in not further averring that they had notice of such matters. There is no averment that appellant presented and offered to prove them. For aught that appears, he may have entirely withheld them, and if so, it would be manifestly wrong to permit him to afterwards set that fact up as a defense to the award. See *Whetstone* v. *Thomas*, 25 Ill. 361. As to the third special plea, nothing is urged in support of the objection, and we suppose it is abandoned.

It appears that, after appellee had closed her evidence, appellant moved to exclude it as in case of a non-suit, because it was claimed that it failed to establish a cause of action. The evidence tended strongly to prove the averments of the declaration, and it was not for the court to pass upon its weight, as that was the province of the jury. Hence, the court acted correctly in overruling the motion.

It is urged that, when this motion was overruled to instruct as in case of a non-suit, it was then erroneous to permit appellee to introduce further and material evidence. It would have been an abuse of discretion in the court not to have permitted the evidence at that stage of the proceedings. Courts are created to administer justice, and not to enforce mere general rules of practice so as to stifle it. As the case then stood, no possible injury could have been inflicted upon appellant by admitting it, as he had ample opportunity to meet it. To comment upon it, and to have any instruction given that was proper to control its application to the case, justice should not be administered on so narrow a principle as to defeat a recovery, impose heavy bills of costs and delay the payment of money,

simply because a party inadvertently omits an item of evidence, when no possible injury can be thereby inflicted upon the opposite party.

It is next objected that the court below erred in instructing the jury that if they found for appellee they might allow six per cent interest. In this, we think the court acted correctly. The statute expressly allows interest on money found to be due on a settlement of accounts, from the time of liquidating the same. The maxim, "*Qui facit per alium facit per se,*" applies in this case. The settlement by the arbitrators mutually chosen by the parties is as binding a settlement as if made by themselves, and it falls as completely within the statute. We see no error in the instructions given, nor in refusing instructions, or in the modifications made in appellant's instructions before they were given.

In the court below, the judgment was rendered for a sum much larger than the verdict found by the jury, and this appears in the transcript filed herein. But leave is asked to file an amended record, from which it appears that the judgment of the court below was amended at a subsequent term so as to conform to the verdict, and *remittitur* entered by appellee. It appears that the jury found a verdict for the sum of $1069.10, and appellee remitted, of that sum, $11.05, but the clerk entered judgment for the sum of $2069.19. On a motion to correct the judgment, after notice given, the same was done from the entry on the judge's minutes, the entry of the *remittitur* as it appeared from the record, and other evidence. We are satisfied that the amendment was properly made, as there was ample evidence in the minutes and proceedings of the court by which to amend. The judgment as amended is free from error, and appellee is allowed to file the amended record, but as the judgment would have been reversed but for the amendment, she must pay the costs of this court.

The judgment is affirmed at the costs of appellee.

*Judgment affirmed.*