BRYAN O'ROURKE v. GERMAN INSURANCE COMPANY OF
FREEPORT.[1]

November 2, 1906.

Nos. 14,877—(38).

**Insurance—Arbitration—Waiver.**
Where, after a loss under a standard fire insurance policy, the parties
proceed and appoint referees to arbitrate the amount of the loss, and the
arbitration fails because of the arbitrary and unjustifiable refusal of the
referee appointed by the insurance company to act in the selection of an
umpire, and the insured thereafter notifies the insurance company of the
fact and requests that it join in the selection of new referees, which re-
quest is refused, the company thereby waives its rights under the policy
to have the amount of the loss determined by arbitration. The fact that
the insured in the meantime repaired the building is immaterial.

Appeal by defendant from an order of the district court for St.
Louis county, Ensign, J., denying a motion for a new trial. Affirmed.

*Morton Barrows,* for appellant.

*Baldwin, Baldwin & Dancer,* for respondent.

ELLIOTT, J.

In an action to recover upon a policy of insurance, the jury returned
a verdict for the plaintiff, and the defendant thereafter moved for
judgment notwithstanding the verdict or for a new trial. The court
granted the motion for judgment and denied the motion for a new
trial. On appeal to this court the order of the district court was re-
versed and the cause remanded with leave to the defendant to renew
the motion for a new trial. 96 Minn. 154, 104 N. W. 900. The de-
fendant thereupon renewed its motion for a new trial upon grounds
which had not previously been stated. The present appeal is from an
order denying this motion.

The facts and the evidence fully appear in the former opinion. The
assignments of error are all directed to the charge of the court, and
none of the questions presented were directly involved in the former
appeal. The first attempt at arbitration failed because of the mis-

[1] Reported in 109 N. W. 401.

conduct of the appraiser selected by the insurance company. When the case was here before, the question of the responsibility of the company for the results of the appraiser's conduct was not argued, and it was assumed that it would not be responsible unless it authorized or approved what was done. Appellant now claims that the jury was not permitted to pass upon this question. An appraiser ought not to consider himself as an agent of the party by whom he was selected, but the authorities seem to hold a party responsible when the appraiser whom he selected assumes to be his representative and improperly prevents the appraisal from being made. Under such circumstances, the act of the appraiser is regarded as the act of the party at whose instance he was named and in whose interest he assumes to act, and no direct evidence of authorization or ratification is required. Niagara v. Bishop, 154 Ill. 9, 39 N. E. 1102, 45 Am. St. 105; Uhrig v. Williamsburgh, 101 N. Y. 362, 4 N. E. 745; Bishop v. Agricultural, 130 N. Y. 488, 29 N. E. 844; Harrison v. Hartford, 112 Iowa, 77, 83 N. W. 820; McCullough v. Phœnix, 113 Mo. 606, 21 S. W. 207; Franklin v. New Hampshire, 70 N. H. 256, 47 Atl. 91; Braddy v. New York, 115 N. C. 355, 20 S. E. 477; Hickerson v. Insurance Co., 96 Tenn. 193, 33 S. W. 1041, 32 L. R. A. 172; Chapman v. Rockford, 89 Wis. 572, 62 N. E. 422, 28 L. R. A. 405.

But, without reference to this rule, the order must be sustained, as it clearly appears that the insurance company, after being advised of the action of the referee which it had chosen and after demand properly made, refused to agree to the selection of other referees and thereby waived its right to an appraisal of the loss. This being true, it is immaterial whether the court fully instructed the jury upon the issue of the approval of the action of the referee in refusing to proceed with the organization of the board of arbitrators by the selection of an umpire. The refusal to appoint new referees was a distinct transaction, and the court instructed the jury that:

> It is also alleged that at all times thereafter the defendant failed, neglected, and refused to appoint any referee to take the place of said Leighton, and thereupon and thereafter the defendant at all times refused and neglected to allow such award of damages to be made. All that was necessary was for

one of the parties to make a written request for the appointment of referees.  *  *  *  If the plaintiff plainly indicated his desire or request for the appointment of referees, and the defendant refused that appointment, then the defendant also waived the arbitration clause in the policy, and your verdict would be for the plaintiff.

Under the issues this was a proper instruction, and the jury were justified by the evidence in finding that, after the first attempt at arbitration had failed and was out of the way, the plaintiff requested the insurance company to appoint new referees and proceed under the provisions of the policy, and that the company refused to have anything further to do with it.  This being true, the right to an appraisal was waived, and the insured was entitled to commence his action to recover upon the policy.  The fact that the building had been in the meantime repaired did not justify the company in refusing to proceed with the appraisal.  It doubtless made it more difficult for the appraisers to determine the amount of the loss, but the same difficulty would apply to a determination of the fact by a jury.

The order appealed from is affirmed.