THE WEST CHICAGO PARK COMMISSIONERS, Appellant, *vs.* FRANCIS A. RIDDLE *et al.* Appellees.

*Opinion filed April 21, 1910—Rehearing denied June 9, 1910.*

1. COURTS—*submission of cause to judge under "Tuley act" is not mere arbitration.* A judgment entered under the "Tuley act" of 1887, (Laws of 1887, p. 158,) providing for the oral submission of a controversy to a judge of the circuit court by agreement of the parties, is not a mere award but is a judgment of a court of general jurisdiction in an action at law, which cannot be impeached by a bill in equity alleging that there was no basis for the claim, or that the judgment was procured by fraud.

2. SAME—*the "Tuley act" of 1887 applies to municipal corporations.* The "Tuley act" of 1887, providing that two or more persons or corporations may appear in any circuit court, or the superior court of Cook county, and submit to any judge thereof, orally and without written pleadings, any matter in controversy, applies to municipal corporations.

3. SAME—*when court has jurisdiction by virtue of submission agreement.* Where a submission agreement, authorized by a resolution adopted by a park board, is filed in court and the cause is docketed by the clerk the court acquires jurisdiction of the subject matter, and if the attorney for the board, although objecting that the resolution has been revoked by the new park board, appears and participates in the hearing and contests the matter upon its merits, the court has jurisdiction of the park board and authority to decide the matter in controversy.

4. SAME—*provision as to when judgment shall be entered may be waived.* The provision in a submission agreement that judgment shall be rendered within ten days after the hearing is concluded may be waived, and is waived where a party, though present by counsel when the judgment is entered, makes no objection to the entry of judgment on the ground that more than ten days have elapsed since the hearing was concluded but enters a motion for a new trial.

5. SAME—*submission agreement need not be entered of record before final judgment.* The filing of the submission agreement provided for in the "Tuley act" of 1887 is sufficient to authorize the court to hear the cause, and if the agreement is preserved in the judgment at the conclusion of the hearing it is sufficiently entered of record.

CARTER and DUNN, JJ., dissenting.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding.

The bill in this case was filed by appellant, the West Chicago Park Commissioners, against appellees, to set aside a judgment of the circuit court of Cook county entered under date of December 6, 1905, in favor of Francis A. Riddle, for the sum of $20,583.53. Appellee Hudson was made a defendant to the bill as assignee of the judgment. The claim of Riddle against the park commissioners was for fees for services as attorney for the board. Riddle had been attorney for appellant, and his services as such attorney were terminated in November, 1900. The bill alleges he was first appointed or elected attorney for appellant in April, 1897, for the unexpired portion of that year; that he was re-elected at the expiration of the year for the year 1898, and was again re-elected or re-appointed for the years 1899 and 1900, but was discharged before the expiration of the year for which he was last elected. He afterwards presented a claim to appellant for $27,624.50 for services that he claimed to have rendered appellant in addition to

services performed by him as the regularly appointed attorney, for which services as such regular attorney an annual salary was paid him of $3000. Appellant declined to pay the claim presented and appellee Riddle brought suit for its recovery. That case was never tried, but the parties on July 5, 1905, entered into a stipulation under the act of 1887, entitled "An act to enable parties to avoid delay in the administration of justice," and commonly known as the "Tuley act," by which they agreed to submit the matters in controversy for decision to Hon. Lockwood Honore, judge of the circuit court of Cook county. The stipulation was in the form prescribed by the act and contained all the provisions required in a stipulation under that act, including the waiver of the right of appeal and release of all errors that might intervene on the hearing. The cause was heard by Judge Honore and a finding made in favor of appellee Riddle in the sum of $20,583.53, and judgment in his favor for that amount was rendered against appellant.

The grounds upon which appellant's bill of complaint is based are, as stated in its brief: "(1) A lack of jurisdiction on the part of said judge or arbiter; (2) that the claim of said Riddle, upon the face of the evidence given, was without the color or semblance of law or equity and was so lacking in merit as to render said judgment *per se* fraudulent in law; (3) that the said judge or arbiter was actually and thoroughly prejudiced in said Riddle's favor, as appeared from the course of the proceedings from his selection to the last act of entering judgment in the cause; (4) that on account of the insolvency of Riddle, and in any event, appellant should be allowed an equitable offset to such claim or award to the extent of two items which amounted to almost or quite the face of the judgment rendered."

The bill alleges that the resolution of June 27, 1905, by which the appellant authorized entering into the submission agreement with appellee Riddle, was adopted at a meeting

at which only four of the seven members of the park board were present, and that three of the four present voted for the resolution and one against it; that a proposition to arbitrate had been twice previously declined by appellant, and that no previous notice had been given that the matter would be presented until after a motion to adjourn had ostensibly been carried and the public and press reporters had left the room. The bill further alleges that on or about July 13, 1905, appellee Riddle filed, or caused to be filed, with the clerk of the circuit court, the agreement for submission, and the clerk entered the case on the docket under the title "Francis A. Riddle vs. West Chicago Park Commissioners, Assumpsit;" that July 21, 1905, appellant (having been re-organized by the appointment of others as members of the board of commissioners) adopted a resolution rescinding the resolution of the former board adopted June 27, 1905, authorizing the execution of the submission agreement; that appellant thereupon gave notice to appellee Riddle that it would on July 22, 1905, appear before Judge Honore and move a dismissal of the case; that in pursuance to said notice it did appear, by counsel, before Judge Honore before any proceedings were had in the case and moved its dismissal; that Judge Honore announced he would hear further argument on the motion on August 1, 1905, on which day, after further argument, said judge overruled the motion to dismiss and fixed September 20, 1905, as the date upon which the hearing would begin; that on September 20 appellant, by its counsel, objected to further proceeding in the case, but the trial of said cause was proceeded with and the taking of evidence heard from time to time; that the hearing was completed on September 28, 1905, and no order of continuance was then made before the parties, with their counsel, left the court room; that orders of continuance were afterwards made, from time to time, by the trial judge of his own motion; that October 23, 1905, the cause was continued to October 30,

and Judge Honore notified the attorneys for the parties, about the 24th or 25th of October, that he would, of his own motion, hear further evidence, and on said 30th day of October heard evidence over the objection of appellant and continued the hearing of evidence from time to time until November 1, 1905, when the hearing of evidence was completed. The bill alleges that appellant never authorized anyone to submit the controversy for decision to said Judge Honore or to appear in its behalf, except to object to the proceeding; that the 'agreement of submission was never entered of record except as it appeared in the final judgment or order.

What purports to be a full report and transcript of all the evidence heard on the hearing; the arguments of counsel, oral and printed, up to the time the judgment was entered, and the briefs and arguments of counsel afterwards, made on the motion to vacate and set the judgment aside, are attached to the bill as exhibits. From these exhibits it appears that Benjamin F. Richolson appeared as attorney for appellant before Judge Honore on July 22, 1905, and moved to dismiss the proceeding; that he thereafter appeared on each occasion when any proceedings were had in the case; that on behalf of appellant he contested the merits of appellee Riddle's claim, cross-examined Riddle's witnesses and introduced evidence on behalf of appellant, and that he was assisted, part of the time, by Delavan B. Cole as counsel for the appellant; that at the request of Judge Honore he presented written briefs in addition to oral arguments made, and after the judgment was entered counsel who now represents appellant moved to vacate and set aside the judgment, which motion he argued orally on two separate days, and in addition to the oral argument presented to Judge Honore a printed brief and argument. The bill also alleges that there is no merit in Riddle's claim, and that Judge Honore was prejudiced and unfair, and that the judgment should be vacated and set aside on those grounds.

The circuit court sustained a demurrer to the amended bill and dismissed the same for want of equity. The cause was appealed to the Appellate Court for the First District by the park commissioners, and that court affirmed the decree of the circuit court and granted a certificate of importance, upon which a further appeal has been prosecuted to this court.

HARRY S. MECARTNEY, for appellant.

A. N. WATERMAN, for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The objections now made by the appellant to the jurisdiction of the court are: (1) That the board of park commissioners had no power or authority to agree to the submission; (2) that the submission agreement was revoked by the board before the hearing began; (3) that the submission agreement was not ordered spread of record before the hearing; and (4) that no judgment was entered within ten days after the hearing was concluded.

Appellant says in its brief that the Tuley act does not apply to municipal corporations. No authority is cited in support of this contention and we do not think it is well taken. The act was intended to, and does, authorize all persons and corporations, municipal or otherwise, having "any matter in controversy," to agree to its submission under the terms and provisions of the act.

As to the second proposition, viz., that the submission agreement was revoked before the hearing began, the attempted revocation was made by the new board of park commissioners after the submission agreement had been filed in the circuit court by Riddle, or someone on his behalf, and the case docketed. The proposition to submit the controversy between the park commissioners and Riddle

was accepted at a meeting of the board at which a major-
ity (four in number) were present, and authority to exe-
cute the submission agreement was given by the affirmative
vote of three of four members present. In pursuance of
that authority the agreement was executed on behalf of the
board by the president and secretary of said board, and
that it is in proper form is, not questioned. The bill alleges
that it was filed in the circuit court without notice to the
board of park commissioners and the case entered upon the
docket by the clerk of the said court. It is not alleged or
claimed that there was any agreement or understanding be-
tween the park commissioners and Riddle that the agree-
ment was not to be filed until notice had been given the
commissioners. The paper is a plain agreement to submit
the matters in controversy between the parties to be heard
and decided by Judge Honore and purports on its face to
be final and unconditional for that purpose. Filing it in
the circuit court was not contrary to any agreement or un-
derstanding between the parties and. was not an unauthor-
ized act or a violation of good faith on the part of Riddle.
Its filing was necessary to get the case on the docket
and challenge the attention of the court. It may well be
doubted, therefore, whether the park commissioners had
authority to revoke the agreement. The Tuley act provides
that the agreement to submit a controversy thereunder shall
be signed by the parties, and when so executed "shall be of
binding force upon the parties thereto in all the courts of
this State." That the court had jurisdiction of the subject
matter cannot be questioned, and we think appellant by its
acts submitted itself to the jurisdiction of the court and
the matters in controversy to its decision.

Exhibit 5 to the bill shows that when appellant appeared
before Judge Honore and moved to dismiss the proceeding
it gave as reasons for its motion that the park board had
no authority to agree to the submission; that the agree-
ment had been revoked, and that Riddle's claim was for

services rendered while he was attorney for the park board at an annual salary of $3000, which was all he was entitled to or could lawfully claim for services rendered. The court announced, in effect, that in his opinion the park board did have authority to agree to the submission, and that whether the agreement had been revoked or whether there was any basis for the claim of Riddle could only properly be considered on a hearing. Counsel for the park commissioners thereupon requested the court to hold the motion in abeyance until the proof had been heard, with leave to then renew it. The court announced this would be done and denied the motion, with leave to renew it when, on the state of the record, it became competent, to which ruling counsel for the park commissioners excepted. The cause was then, by agreement of counsel representing both parties, set for hearing September 20, 1905, and on that day the hearing was begun, Mr. Richolson, counsel for the park commissioners, being present. At the beginning of the hearing Mr. Richolson stated that in order that his position might be understood he wished to be considered as objecting to the whole proceeding. The hearing proceeded, with continuances from time to time, until November 1, 1905, when the evidence was completed. Mr. Richolson was present throughout the hearing all the time on behalf of the park commissioners, and was assisted part of the time by Mr. Cole, also. The exhibit referred to shows that counsel for the park commissioners objected to the competency of testimony offered by Riddle, cross-examined witnesses introduced by him, and at the conclusion of his evidence offered witnesses and introduced evidence in behalf of the park commissioners. At the conclusion of the evidence and oral arguments, by request of the judge, counsel for both sides furnished printed briefs, the last one being presented November 10, 1905. Counsel for the park commissioners, in moving to dismiss the proceeding, did not in any way limit his appearance to the purpose, alone,

of making the motion, and after the hearing was entered upon, appeared and took part in the trial and did not again at any time renew the motion. The evidence offered on behalf of the park commissioners went to the merits and legality of the claim of. Riddle. On December 4 Judge Honore called counsel for the respective parties before him and announced his conclusion to find in favor of Riddle in the sum of $20,583.53, and on December 6, 1905, entered judgment in his favor for that sum. Mr. Richolson, on behalf of the park commissioners, entered a motion for a new trial. Thereafter a motion was made to vacate the judgment, and this motion was argued orally two days by counsel now representing the park commissioners. Printed briefs were also furnished the court on the said motion by counsel on both sides, and these are contained in Exhibit 6 to the amended bill.

If there were otherwise any doubt as to whether the court acquired jurisdiction of appellant by virtue of the submission agreement, that doubt was removed by the appearance, generally, of appellant, and its participation in the hearing and its contest of Riddle's claim on the merits. That it could not do this without submitting to the jurisdiction of the court is well settled by authority. (*Farwell* v. *Sturges,* 165 Ill. 252; *Crull* v. *Keener,* 18 id. 65; *Miles* v. *Goodwin,* 35 id. 53.) It was held in *Seely* v. *Pelton,* 63 Ill. 101, with reference to an arbitration, that where a party, after agreeing to the arbitration, gives notice that he will not abide by the award made, nevertheless, if he appears before the arbitrators and enters into the trial, his appearance will be regarded as a waiver of his notice of revocation of the agreement and he will be bound by the award.

It is claimed the judgment was not rendered within ten days after the hearing was concluded. The bill alleges, and the exhibits to it show, that on November 10, 1905, the last briefs of counsel were presented to the court, and

on December 4, following, the court announced to counsel, who were present at his request, what his findings were, and two days later entered judgment for the amount. If, as appellant contends, the hearing was concluded when the briefs were submitted and the submission required the judgment to be entered within ten days from that date, this requirement was one that might be waived, and this we think the park commissioners did. They were present by counsel when the judgment was entered and made no objection to the entry of judgment on the ground that more than ten days had elapsed since the hearing was concluded. On the contrary, they entered a motion for a new trial, and they must be deemed to have waived the right to insist now that the court had no jurisdiction to enter the judgment at the time it was entered.

It is further contended by appellant that the court was without jurisdiction because the submission agreement was not "entered of record" before the hearing began. We are of opinion that filing the agreement is sufficient to authorize the court to hear the cause, and that if the agreement is "entered of record" by being preserved in the judgment or decree at the conclusion of the hearing the requirement of the statute is satisfied. This was so held in *Farwell v. Sturges, supra,* which was a writ of error to review a decree rendered in a case submitted by the parties, by agreement, under the Tuley act. Furthermore, as we understand it, this question was never raised by appellant at any time before the judgment was rendered. We conclude that the bill does not make a case showing the court had no jurisdiction either of the subject matter or of the parties.

Appellant in its brief speaks of the bill as one to set aside an alleged award. On the contrary, it is a bill to set aside the judgment of a court of general jurisdiction in an action at law. In *Farwell v. Sturges, supra,* the court said, on page 274: "The proceeding is not an arbitration but is a proceeding in a court of general jurisdiction, be-

fore a judge thereof selected by the parties. By the ancient common law all pleadings were oral, and we see no reason why the parties may not, under the statute in question, without converting the trial judge into a mere arbitrator, waive the issuing of process and the formalities of written pleadings and trial by jury, and by agreement appear in a circuit court before a judge thereof selected by them, and under an agreement to be entered of record, as provided, make an oral submission of their controversies to such judge and be bound by the judgment or decree which shall be entered, releasing all errors and waiving the right of appeal. The statute requires the proceedings to be had in the circuit court or in the superior court of Cook county, and a judgment or decree to be entered which 'may be enforced in like manner as other judgments or decrees of such court.' The statute evidently contemplates that the proceeding shall be a proceeding in court, and one at law or in chancery, according to its nature."

To impeach the judgment of a court of general jurisdiction on the ground of fraud, by a bill in equity, it is not sufficient to allege, simply, that there was no basis to support the claim for which the judgment was rendered and that the person against whom it was rendered was not in any manner indebted to the person in favor of whom it was rendered. It is not alleged in the bill that the park commissioners were in any way prevented from contesting the validity of Riddle's claim and from presenting their defense thereto as fully as they desired. On the contrary, the exhibits to the bill show that they did set up as a defense on the hearing all the matters that the bill alleges show Riddle was not entitled to a judgment. Under such circumstances a court of equity will not interfere with the enforcement of a judgment at law. (*Bardonski* v. *Bardonski*, 144 Ill. 284.) An allegation that a judgment is a fraud or was procured by fraud is not sufficient to give a court of equity jurisdiction to entertain the bill. The facts

relied on, or sufficient of them to show the fraud, must be alleged in the bill.

The charge in the bill that the judge before whom the case was tried was prejudiced in favor of Riddle and unfair to the park commissioners we regard as insufficient. The bill alleges that the judge was unconsciously prejudiced in favor of Riddle, and in consequence thereof, and as a result of such prejudice, partiality and bias, the judgment was rendered. These allegations would, in themselves, be insufficient as being mere conclusions of the pleader, but the exhibits filed with the bill contradict the allegations. Exhibit 5 shows that when the motion to dismiss the case was made, and during the argument on the motion, the court stated it was somewhat embarrassing to him to try a case where one of the parties to it objected to his hearing it. Counsel for the park commissioners thereupon stated: "I want to say that there is not the slightest feeling against any particular judge." The court then inquired of counsel if the objection was only to the form of the proceeding, and counsel replied: "Yes, that is it. It has nothing to do with your honor's position. It is simply the form of the proceeding. That is all." At no time during the hearing was there any objection made to the judge on the ground of his being prejudiced or unfair, and it was not until after judgment was rendered and other counsel came into the case that this charge was made. Whether the judgment was justified by the weight of the evidence is not for us to determine in this proceeding. But however that may be, the bill and its exhibits fail to make any case on the ground of the prejudice and partiality of the judge.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

CARTER and DUNN, JJ., dissenting.