Dean **STEINHILBER**, d/b/a Trust
Farms, Appellant,

v.

**PRAIRIE PINE MUTUAL INSURANCE
COMPANY, Respondent.**

No. C0–94–2308.

Court of Appeals of Minnesota.

June 20, 1995.

Paul E. Grinnell, Bruce A. Schoenwald,
Gunhus, Grinnell, Klinger, Swenson & Guy,
Ltd., Moorhead, for appellant.

Mark McKeon, Willenbring, Dahl, Wocken
& Zimmerman, Cold Spring, for respondent.

Considered and decided by HUSPENI,
P.J., TOUSSAINT, C.J., and HARTEN, J.

## OPINION

Toussaint, Chief Judge.

Appellant Dean Steinhilber sued respondent Prairie Pine Mutual Insurance Company to recover for the loss of some chopped hay damaged by fire. The district court granted respondent's motion for summary judgment. Appellant challenges the district court's order, arguing genuine issues of material fact exist and the district court erred in its application of the law. We reverse and remand.

## FACTS

On March 1, 1990, appellant discovered a fire inside a silo containing chopped hay. Appellant did not own the silo but did own the chopped hay. Over the course of several weeks, appellant attempted to extinguish the fire by various methods. Appellant eventually extinguished the fire by removing most of the hay from the silo.

After the fire was discovered on March 1, there were 35 feet of hay remaining in the silo. Some hay that appeared to be undamaged remained after the fire was extinguished. But, when appellant attempted to feed this hay to his dairy herd, the cattle refused to eat it. The parties agreed that a small portion of the hay fed to cattle after the fire, was to be considered a 50% loss; the remainder was to be considered a total loss.

Believing that the fire had been burning for some time before it was discovered, appellant sought to recover for an additional amount of damaged hay. Respondent invoked the informal appraisal process provid-

ed by the terms of the insurance contract. Each party appointed an appraiser. The parties petitioned the district court for appointment of a neutral umpire on November 5, 1990. The appraisers and the umpire met on February 16, 1991, but did not complete the appraisal process. The district court discharged the umpire on April 11, 1991. Respondent asked the district court to withdraw the order discharging the umpire on April 29. It is not clear what action the court took, but apparently the umpire was not re-appointed.

On April 24, 1992, appellant informed respondent that appellant was appointing an appraiser. Respondent informed appellant that it already had appointed its own appraiser. This appraiser submitted a revised appraisal to respondent in September 1992.

Appellant served his summons and complaint on April 20, 1993. The district court granted summary judgment for respondent on October 16, 1994. This appeal followed.

## ISSUE

Did a genuine issue of material fact exist regarding the waiver of the contract limitation provision?

## ANALYSIS

Minn.R.Civ.P. 56.03 provides that summary judgment shall be granted when:

[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law.

Summary judgment is a "blunt instrument" which should be employed "only where it is perfectly clear that no issue of fact is involved." *Poplinski v. Gislason*, 397 N.W.2d 412, 414 (Minn.App.1986) (quoting *Donnay v. Boulware*, 275 Minn. 37, 45, 144 N.W.2d 711, 716 (1966)), *pet. for rev. denied* (Minn. Feb. 18, 1987).

On appeal from summary judgment, this court determines whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). This court views the evidence in the light most favorable to the party against whom summary judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). This court does "not resolve or decide issues of fact but only determine[s] whether there are issues of fact to be tried." *Jonathan v. Kvaal*, 403 N.W.2d 256, 259 (Minn.App.1987), *pet. for rev. denied* (Minn. May 20, 1987). Any doubt as to the existence of a genuine issue of material fact must be resolved in favor of finding that a fact issue exists. *Poplinski*, 397 N.W.2d at 414.

■ Here, respondent moved for summary judgment on the grounds that appellant's claim was barred by the one year limitation period contained in the insurance contract, and that appellant was seeking recovery for items not covered by the contract. The district court granted respondent's motion without specifying the basis for its decision.[1] Appellant argues summary judgment was improper for three reasons: respondent waived the one year limitation period; the one year limitation period was unreasonable; and respondent should be estopped from asserting the one year limitation period as a defense under the facts of this case.

■ It is well settled that one party to a contract may waive a condition precedent which exists for that party's own benefit. *Appollo v. Reynolds*, 364 N.W.2d 422, 424, (Minn.App.1985) (citing *Dolder v. Griffin*, 323 N.W.2d 773, 778 (Minn.1982)).

Ignoring a provision in a contract will constitute waiver, * * * and waiver may be found where a party continues to exercise rights under a contract even though [that party] knows a condition has not occurred or cannot be performed.

*Id.* (citations omitted). Similarly,

where the course of conduct of a party entitled to the performance of certain

---

1. We note that findings of fact and conclusions of law are not required for summary judgment decisions. Minn.R.Civ.P. 52.01; *see also* Minn. R.Civ.P. 56.03 (summary judgment shall be rendered if there is no genuine issue of material fact). Nevertheless, the district courts commonly include an attached memorandum with a summary judgment order. Without that memorandum, a reviewing court is left to speculate as to the district court's reasoning.

terms or conditions of a contract has led the other party to believe that such performance will not be required until it has become too late to perform, the person who has so conducted himself is barred from asserting the right he had.

*Wolff v. McCrossan,* 296 Minn. 141, 145, 210 N.W.2d 41, 44 (1973).

The contract at issue in this case provides that appellant insured can not bring suit against respondent insurer to recover for any property claim without first complying with all the terms of the policy and then commencing suit within one year after the date of the loss. The contract requires the parties to follow an appraisal process to resolve disputes as to amounts of loss. In the event of a dispute, each party had 20 days to appoint its own appraiser, and the appraisers had 15 days to appoint a neutral umpire. If the appraisers were unable to agree on an umpire, either party could petition the district court to appoint an umpire.

Appellant discovered the fire in the silo on March 1, 1990. A dispute arose as to the amount of hay allegedly consumed before discovery of the fire. Respondent invoked the appraisal process provided by the contract. The record neither indicates when the parties appointed their respective appraisers, nor reflects when these appraisers met to appoint an umpire. In any event, neither party petitioned the district court for appointment of a neutral umpire until November 5, 1990. The appraisers and umpire did not meet until February 16, 1991, and even then did not complete the appraisal process. We need not determine when the appraisal process began (even though respondent asserted that the process began when the parties petitioned the court for appointment of an umpire), because respondent concedes that the appraisal process did not *end* until the court dismissed the umpire on April 11, 1991, more than one year after the date of the loss.

 Appellant asserts that the appraisers agreed to suspend their meeting on February 16, 1991 to allow the parties to pursue their claims in court. Appellant argues this agreement constituted a waiver of the one year limitation period. We disagree.

> While an appraiser or referee is not the representative or agent of the party appointing him [or her] * * * the party appointing an appraiser is responsible when the appraiser whom he selected arbitrarily and unfairly refuses to act with the other appraiser.

*Kavli v. Eagle Star Ins.,* 206 Minn. 360, 364, 288 N.W. 723, 726 (1939); *see also O'Rourke v. German Ins.,* 99 Minn. 293, 294, 109 N.W. 401 (1906) (appointing party may be held responsible when appraiser improperly prevents an appraisal from being made). We find no evidence in the record to support an inference that either appraiser acted improperly.[2]

Nevertheless, we determine that appellant has raised a genuine issue as to whether respondent continued to exercise rights under the contract after the expiration of the limitation period, or alternatively that respondent's actions caused appellant to believe that commencement of suit would not be required within the one year period provided in the contract. Summary judgment is improper where there remains a genuine issue of material fact. *See Poplinski,* 397 N.W.2d at 414 (summary judgment is proper where "there is no issue of fact"). Our resolution of this question renders appellant's remaining arguments moot.

### DECISION

Appellant raised a genuine issue of material fact as to whether respondent waived the contract's limitations period. Thus, the district court erred in granting summary judgment for respondent.

**Reversed and remanded.**

---

**2.** Because we disagree with appellant's characterization of the appraisers' actions, we need not address respondent's argument that appellant may not rely on the transcript of the appraisers' meeting in order oppose summary judgment.